ANDERSON v. ANDERSON.

(In Banc. March 10, 1941.)

[200 So. 726. No. 34470.]

Lester G. Fant, Sr. and Jr., of Holly Springs, for appellant.

W. C. Sweat, of Corinth, for appellee.

Argued orally by **Lester G. Fant, Sr.**, for appellant, and by **W. C. Sweat**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The husband sued for a divorce and the ground was the charge of habitually cruel and inhuman treatment. From a decree sustaining the bill the wife has appealed.

The attitude of the law of this State with respect to that ground has been reviewed and stated in Amis on Divorce and Separation, Sections 104-125. With this attitude of the law in mind and taking the testimony of the complainant as true and as being without exaggeration, and supplementing it with all the reasonable inferences and deductions which the chancellor might have drawn from the evidence, some of us are of the opinion that a case for relief has been made out, although barely so,

while others of us are of the opinion that to make the most of that testimony, it is still insufficient.

In this situation we have elected to proceed upon the question of corroboration. The latest texts are not in entire agreement upon that point and the cases from the various jurisdictions are not in harmony; but an examination of them and the comments of annotators will disclose, as we think, that the weight of authority supports the rule that, with the exceptions hereinafter to be stated, a divorce will not be granted on the uncorroborated testimony of the complainant. 19 C. J., pp. 133, 134; 4 Ency. Ev., pp. 793, 794; notes Ann. Cas. 1913B, 3-14; 25 L. R. A. (N. S.) 45, 46. Compare 17 Am. Jur., p. 337; Amis on Divorce and Separation, Sec. 260.

So far as we can find, no case in this State has dealt with the precise question. We know, however, that it has always been the generally accepted view of the bench and bar that the rule as stated does prevail in this jurisdiction save in a case where, in its nature or owing to the isolation of the parties, no corroborating proof is reasonably possible. This view has had a large measure of confirmation in the fact that ever since courts were given jurisdiction in this State to grant final decrees of divorce, the statutes have carried the provision that although the complainant must personally swear to the bill, it shall not be taken pro confesso. Section 1416, Code 1930.

Upon all the considerations aforementioned we now hold that the rule, with its exceptions, as stated in the foregoing paragraphs is the rule which must be applied and followed in this State. And in those rare cases coming within the exceptional allowance, the cross-examination by the opposite party or by the court or both must be of such a searching nature, and that examination must be so thoroughly met in word and in demeanor by the complainant as to bring the facts clearly and undoubtedly within the statutory ground or grounds and also must be such as shall be sufficient to actually convince the

chancellor clearly and conclusively that the asserted facts are true in all essential respects.

The parties here involved have lived throughout their married lives in a large and closely settled town; they have moved almost daily among many who, in the various relations of life, could hardly have escaped observation of corroborative facts and circumstances. It is not a case where corroboration was not reasonably possible, from which it follows that corroboration was required; and this presents the question whether the corroboration introduced in this record was sufficient.

An examination of the cases will disclose that some of the courts have held that the corroborating evidence must be adequate within itself to establish the asserted ground for divorce. 4 Ency. Ev., p. 795; notes Ann. Cas. 1913B, 9. Others, and these seem to be in the majority, by various forms of expression support the conclusion that the corroborating evidence will be sufficient if it prove such substantial facts and circumstances as will serve to engender in a sound and prudently cautious mind a confident conclusion that the testimony of the complainant is true in all essential particulars, and is not the exaggerated product of those wishful mental processes which passion and the consuming present desire for the relief prayed, so often present in this type of cases. See the text and notes 19 C. J., pp. 134, 135, Sec. 349.

We adopt the view of the authorities which support the rule as last stated, and have examined the so-called corroborating evidence in this record in that light; and having so done, we are obliged to say that it is not sufficient.

The conclusion which we have reached renders it unnecessary to consider the alleged defects in the bill with which much of the argument has dealt; and we do not overlook what was said in the oral argument about the recusation in this case of the chancellor of the district and the appointment of a special chancellor. Whether the chancellor will call in another chancellor under Sec-

tion 737, Code 1930, or whether he will certify his disqualification to the Governor for the appointment of a special chancellor under Section 738, Code 1930, is a matter which pertains to the administrative functions of his office, and is not reviewable by us.

That part of the decree which fixes the allowances for support and maintenance of the wife will not be disturbed by anything said herein, and a fee of seventy-five dollars is allowed her for payment to her solicitor for services on this appeal, and the order entered here will carry the proper provisions in these respects.

Reversed and remanded.

**Anderson, J.**, took no part.