CHAMBERS *v.* CHAMBERS.

Division A. Jan. 14, 1952.

No. 38169 (56 So. (2d) 33)

**Berger & Callon,** for appellant.

**Drake & Gage,** for appellee.

**Lee, J.**

Anthony Chambers filed his bill against Sara Chambers for the purpose of obtaining a divorce. The charge was habitual cruel and inhuman treatment. Sara answered, and made her answer a cross-bill, in which she sought a divorce and alimony on the same ground. The decree, entered at the conclusion of the evidence, while not affirmatively denying the relief prayed for by Anthony, did so in fact, inasmuch as it granted Sara a divorce, attorney's fees, alimony, and impressed a lien on certain real estate to insure payment. Anthony appealed.

The proof on the original bill was not strong, and it can not be said that the court was manifestly wrong in declining to grant relief thereon.

The appellant contends here that the decree was against the overwhelming weight of the evidence, and that appellee's version was without corroboration.

Sara was the only witness for herself. She testified that she and Anthony got along very well until a few months before the separation. He had a bad temper, and during those months, she could hardly stay with him. He complained that she was not keeping the house clean, and wanted her to work more. On Thursday before the separation on Saturday, he told her that he ought to cut her throat and kill her. On the day of the separation, an argument ensued and she got cut and he got shot. There was a dispute as to which was the aggressor. Sara maintained that Anthony cut her, and that she ran into the house; and, when he picked up an axe and started

in the house after her, she got a pistol and shot him in her own self-defense. On the contrary, Anthony denied that he cut her, and insisted that, if he did, he had no recollection of it. Several witnesses, relatives of Anthony's, heard the shooting—six shots—and saw Sara running after him. Sara denied this. Anthony was shot in the front part of the shoulder, and the bullet came out under the arm. It required six stitches to close the wound.

Sara was indicted for an assault and battery with intent to kill, plead guilty thereto, was sentenced to pay a fine and serve a term in jail, and actually paid the fine and served the jail sentence. She was without corroboration either as to the alleged cruel and inhuman treatment prior to December 3, or as to the incident on that date, when both sustained injuries. On the contrary, she plead guilty to making an unlawful assault on Anthony on that occasion, and executed the sentence. By her own admission and plea of guilty, she branded herself as the criminal actor on that occasion.

It is pointed out in Amis on Divorce and Separation in Mississippi, Section 122, that: "It is clear that a single act of violence might be of such a grave or murderous character as to render further cohabitation not only unsafe, but hazardous. In such a case a divorce would be warranted, even though no course of cruel conduct had preceded it." But in Anderson v. Anderson, 190 Miss. 508, 200 So. 726, 727, this court announced the rule that ██ ██ a divorce will not be granted on the uncorroborated testimony of the complainant, except in a case where "* * * in its nature or owing to the isolation of the parties, no corroborating proof is reasonably possible." Even in that case "the cross-examination by the opposite party or by the court or both must be of such a searching nature, and that examination must be so thoroughly met in word and in demeanor by the complainant as to bring the facts clearly and undoubtedly within the statutory ground or grounds and also must be such as shall be sufficient to actually convince the chan-

cellor clearly and conclusively that the asserted facts are true in all essential respects.''

Sara's contention of self-defense in this case was at complete variance with her plea of guilty in the criminal trial. But, even if her evidence here is the true version, it is without corroboration, and is not sufficient to establish its truthfulness clearly and conclusively.

 Sara was, of course, entitled to counsel fees. There was no error in the allowance of $50 for that purpose, and, to that extent, the decree of the lower court is affirmed.

However, the trial court was in error in granting a divorce, and, to that extent, the decree of the lower court is reversed, and a decree will be entered here, denying Sara Chambers a divorce.

The cause is reversed and remanded insofar as the question of alimony is concerned. On the hearing, after remand, the court may determine whether or not the right to alimony exists, and, if so, Sara's needs and Anthony's ability to pay.

Affirmed in part; in part reversed and decree here; and in part reversed and remanded.