556 So.2d 348 (1990)
Charles Aaron WEEKS, Sr.
v.
Mary Lynn WEEKS.
No. 07-59277.
Supreme Court of Mississippi.
January 17, 1990.
*349 Joseph C. Langston, Sarah C. Jubb, Langston Langston & Michael, Booneville, for appellant.
Gerald R. McLemore, Corinth, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
Charles Aaron Weeks, Sr., appeals from the denial of his motion for new trial, after being held in contempt by the Chancery Court of Alcorn County.
Mary Lynn Weeks filed a petition on October 15, 1987, seeking to hold her ex-husband, Charles Aaron Weeks, Sr., in contempt of court for failing to abide by the terms of a final decree of divorce entered April 23, 1983. After a series of continuances, the case was heard in the chancery court without a court reporter.[1] At the end of the hearing, the trial court entered an order holding the defendant Weeks in contempt. The defendant then filed a motion for a new trial for which a hearing was held with a court reporter.
At the hearing on this motion, the chancellor did not allow the defendant to present his witnesses' testimony in support of such motion. Rather, the chancellor attempted to take judicial notice that the defendant's witnesses would have testified that defendant had abided by the terms of the divorce decree. The Chancellor then dispensed with the defendant's motion for a new trial by denying it without hearing the defendant's additional evidence.
It was charged that, in the trial, the defendant offered to prove, by his own testimony and the testimony of other witnesses, that he had, indeed, paid his ex-wife the money she claimed he had not paid for the nonpayment of which he was held in contempt. However, the Chancellor shut off defendant's proof, saying that he was satisfied that the defendant was in contempt. While there is no written record of that fact, and there was no bill of exception taken, the Chancellor said nothing on the motion for a new trial to refute those allegations. When defendant's counsel sought to put on proof, during the hearing on the motion for a new trial, of payment by defendant in accordance with the divorce decree, the Chancellor did not permit it. Presentation of such proof would have involved no significant delay, and the policy of the law is to hear all pertinent evidence and to decide cases on fully developed facts.
This case must be reversed and remanded because the record discloses that there were important, material, and pertinent facts and available witnesses which should have been heard. In re Prine's Estate, 208 So.2d 187, 192 (Miss. 1968). Remand is necessary for development of these facts. Id. A litigant can not be deprived of his fundamental right under our legal jurisprudence of having a judicial hearing. Merchants Fertilizer & Phosphate Co. v. Standard Cotton Gin, 199 Miss. 201, 23 So.2d 906 (1945). The defendant in this case was deprived of this right by the Chancellor's refusal to allow the defendant to present his evidence.
Every defendant or respondent has the right to notice in a court proceeding concerning him and to be present and to introduce evidence at the hearing. Edwards v. James, 453 So.2d 684 (Miss. 1984). The parties should be afforded a full, complete hearing at which the parties have an opportunity to call witnesses in their behalf and be heard by themselves or counsel. Fortenberry v. Fortenberry, 338 So.2d 806 (Miss. 1976). If a full and complete hearing is not allowed by refusing the defendant *350 his opportunity to present evidence, then the defendant is thereby deprived of due process. Id.
This case is therefore reversed and remanded for a hearing on the defendant's motion for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] In the chancellor's opinion, there was a discussion of the effect of the local rules as to the need for the presence of a court reporter at vacation hearings. While that issue is not determinative here, we invite the attention of the bench and the bar to Rule 83, MISS.R.CIV.PRO., which became effective March 1, 1989, and which, thus far, has received but little attention.