609 So.2d 426 (1992)
George Allen RAWSON
v.
Vera BUTA (Rawson).
No. 90-CA-1034.
Supreme Court of Mississippi.
October 22, 1992.
Rehearing Denied December 31, 1992.
*427 Helen J. McDade, DeKalb, for appellant.
Marvin E. Wiggins, Jr., DeKalb, for appellee.
En Banc.
PITTMAN, Justice, for the COURT:
This divorce case arose on appeal of the husband, George Rawson, from the judgment of the Chancery Court of Kemper County in granting a divorce to his wife, Vera Buta, then Vera Rawson. The appellant timely filed a notice of appeal framing his issues for appeal as:
A. Does a trial judge abuse his discretion by allowing a divorce case to proceed uncontested where the defendant's answer is filed three days late and the plaintiff made no written application to the court under civil procedure rule 55?
B. Must a judgment granting a divorce on a charge of habitual, cruel and inhuman treatment be reversed where plaintiff fails to present any witness to corroborate the charge or to show such was unavailable after her due diligence?

I.
The plaintiff, Vera Buta[1], suffers from myo-facial syndrome after having been rear-ended in 1988. She described being in *428 frequent pain which could strike her even while performing minor tasks. Buta was suffering from this condition when she married Rawson on September 24, 1988. The condition has left her unable to perform the work she had been doing, driving a gasoline tanker semi-tractor/trailer.
The couple moved to Mississippi in May of 1989. Buta opened a beauty shop. Buta and Rawson lived in Vera's Winnebago to which Rawson had made additions. After several months, the marriage began to deteriorate. Buta found that Rawson's mother frequently visited, would criticize Buta, and would countermand Buta's instructions to her children. Rawson became extremely angry whenever Buta raised the matter with him. Buta testified that Rawson had several times drawn back as if to strike her.
Rawson and his mother "just went crazy" when, in May 1989, Buta wanted to go to the Florida funeral of the grandmother who raised her, even though her stepfather financed the trip. Buta made the eight-day trip, "and they never got over it. They were nasty ever since."
A few weeks later, on June 30, Rawson told Buta to pack her things and leave, but she replied that the trailer belonged to her. Though he threatened to burn the trailer, Buta still refused to leave. Rawson "grabbed my arms ... and give me a jar, like a push... ." Buta sought counsel the next day from the attorney who later served as defense counsel for Rawson. Buta also made out a will, "just in case." She began sleeping on the couch and removed her hunting guns for safekeeping. Rawson noticed the absence of the guns on the day of his 20th high school reunion. Buta testified that they had already paid for the reunion dinner tickets, so they attended, but Rawson made her walk behind him and let the door slam on her. At some point that Saturday night, he grabbed Buta so hard that the bruises were still visible in photographs taken two days later.
Rawson was working out of town when Buta served him with the complaint for divorce. When he received the papers, he telephoned her and said, "When I get home this weekend, one of us will not be alive."
On July 27, 1990, Buta filed for divorce. Buta alleged that she and Rawson had married on September 24, 1988, in Florida and had separated July 22, 1990. She also alleged that irreconcilable differences existed between her and Rawson and that he had been habitually cruel and inhuman toward her. She asserted that she was entitled to a divorce pursuant to Sections 93-5-1, -2, and -17 of the Mississippi Code. Buta requested relief in the form of a divorce, lump-sum alimony, periodic alimony, injunction against harassment, as well as certain personalty and the satisfaction of certain financial obligations.
On July 27, 1990, Buta requested temporary relief based upon her dire need and pursuant to Section 93-5-17 of the Mississippi Code, alleging that Rawson had physically assaulted her several days before, resulting in "numerous bruises." She also alleged that she was afraid to return to the couple's marital home, which she owned. She alleged that Rawson had taken and stored her personal items without her permission.
On August 13, the chancellor issued an agreed order that the motion for temporary relief be heard on September 4, 1990. On September 4, he gave notice that trial would proceed on September 10.
Dated September 8 but stamped as filed Friday, September 7, Rawson answered Buta's original complaint for divorce and also filed a "counter-complaint" for divorce. Buta's attorney testified that he received the documents at 4:35 p.m. on Friday, September 7. Rawson's counter-complaint alleged that Buta was guilty of habitual cruel and inhuman treatment, habitual drunkenness, and that irreconcilable differences existed between the parties such that Rawson was entitled to a divorce pursuant to Section 93-5-2 of the Mississippi Code. Rawson prayed for a divorce, certain personalty, and Buta's payment of certain debts.
On September 10th, the chancellor heard the case. As a preliminary matter, Buta moved to strike Rawson's answer and *429 counter-complaint on the grounds of their untimely filing. In reviewing the motion to strike, the chancellor noted that Rawson had been served with the original complaint on August 3, 1990; citing civil procedure rule 12(a), the chancellor observed that Rawson's thirty-day period to answer had expired on September 4, and that Rawson had not requested an extension of time.[2] The court stated:
[T]he court sees no reason that it can ignore the provisions of rule 12 and sustains this motion because the plaintiff has had no way to respond to the counterclaim because of the short notice, because the defendant did not seek any order from the court allowing the answer to be filed past the deadline as prescribed in rule 12 of the civil rules of procedure, so [the plaintiff's motion to strike] is sustained.
The chancellor proceeded to hear the action as uncontested and instructed the defense attorney that the defense could offer no proof. During trial, Buta's sole evidence corroborating her grounds consisted of photographs of her bruises. At the conclusion of the testimony, the chancellor stated:
[The photographic evidence presented by the plaintiff] is the only corroborative evidence [of habitual, cruel and inhuman treatment] before the court. It is not in the form of testimony. This is one case that is unbelievable of bungling on both sides, both sides. I have never seen a case, even an uncontested case, in which there was no corroborating witnesses except where there is proof showing where that is not available. The only thing that you have got are those two pictures. I am not sure whether that will withstand the rule of corroborat[ion].
The court asked the attorneys to provide authority on what constitutes sufficient corroboration: "Does it have to be done by a witness or can it be done by physical evidence such as photographs ...?" After a recess, the court stated:
The law in this state is well-established that, in divorce cases, there must be a witness to the acts of actual grounds for divorce and there must be corroboration of that witness's testimony to the acts in this case of habitual, cruel and inhuman treatment. The only corroborative evidence in this case are two pictures that show acts of what the witness testified to as physical abuse by her husband. Those pictures were admitted without objection. The court is going to consider those as corroborative evidence.
On September 11, 1990, the chancellor granted the divorce on the grounds of Rawson's habitual cruel and inhuman treatment, pursuant to Section 93-5-1 of the Mississippi Code. On September 21, Rawson filed a notice of appeal.

II.
This Court views the facts of a divorce decree in a light most favorable to the appellee, and may not disturb the chancery decision unless this Court finds it manifestly wrong or unsupported by substantial evidence. Mullins v. Ratcliff, 515 So.2d 1183, 1193 (Miss. 1987); Devereaux v. Devereaux, 493 So.2d 1310, 1312 (Miss. 1986); Fournet v. Fournet, 481 So.2d 326, 328 (Miss. 1985).
Rawson admits that his answer to the complaint was late. He nonetheless complains that, procedurally, Buta was not entitled to the judgment of divorce because she failed to give him written notice of her request under M.R.C.P. Rule 55. Rawson also claims that, despite the fact that he missed the deadline to answer, he should nonetheless have been allowed to answer because he agreed to an early trial date. Rawson also contends that the chancellor granted an uncontested divorce without the requisite proof. We find the procedural arguments of both parties off track, as the divorce proceeding is governed by statute *430 and the statute in effect at the Rawson's divorce did not require an answer.
Mississippi divorce actions are governed by the divorce and alimony provisions of section 93, chapter 5 of the Mississippi Code. See Miss. Code Ann., § 93-5-1 et seq. (1972). The procedural provisions of this chapter limit the applicability of the Mississippi Rules of Civil Procedure, which govern only where the divorce statute stands silent. Miss.R.Civ.P. 81(a)(9) and comment. See also Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss. 1988); Clark v. Whiten, 508 So.2d 1105, 1107 (Miss. 1987). Miss. Code Ann. § 93-5-7 (1972)[3], in effect at the time of trial, provides:
The proceedings to obtain a divorce shall be by bill in chancery, and shall be conducted as other suits in chancery, except that (1) the defendant shall not be required to answer on oath; (2) the bill shall not be taken as confessed; (3) admissions made in the answer shall not be taken as evidence; (4) the clerk shall not set down on the issue docket any divorce case unless upon the request of one of the parties; and (5) the court shall have full power in its discretion to grant continuances in such cases without the compliance by the parties with any of the requirements of law respecting continuances in other cases. And (6) in all cases the bill must be accompanied with an affidavit of complainant that it is not filed by collusion with the defendant, for the purpose of obtaining a divorce, but that the cause or causes for divorce stated in the bill are true as stated. (emphasis added)
As a general rule, the failure of a party to answer a complaint opens the party to default judgment. Miss.R.Civ.P. 55(a). In a divorce case, however, the rule for default judgments imposes special requirements:

Proof Required Despite Default in Certain Cases. No judgment by default shall be entered against ... a party to a suit for divorce ... unless the claimant establishes his claim or rights to relief by evidence, provided, however, that divorces on ground of irreconcilable differences may be granted pro confesso as provided by statute.
Miss.R.Civ.P. 55(e) (1990); see also Hand, Mississippi Divorce, Alimony, and Child Custody §§ 5-2, 7-6 (1981); J.W. Bunkley & W.E. Morse, Amis on Divorce and Separation in Mississippi § 15.02(4) (1957). Thus, a divorce complainant must prove the allegations of the complaint, even when the defendant has failed to answer. A bill for divorce is never taken as confessed whether answered or not. Ladner v. Ladner, 233 Miss. 222, 102 So.2d 195 (1958). This state imposes this proof requirement because it elects not to treat divorce allegations as evidence: the complainant must provide evidence whether the defendant answers or not. In other words, the complainant's proof requirement does not become lighter because the defendant fails to answer.
In all suits for divorce the state essentially stands as a third party and is represented by the judge. The relationship of marriage is one upon which civilized society is dependent both for tolerable present conditions, and for permanence. The obligations, thereby, are different from those of parties engaged in a mere contract dispute. The interests of the state are represented through the court. It is the duty of the court, regardless of the pleadings of the parties, to fully inquire into the facts and circumstances of each case and to act accordingly. The state's interest is proven through its refusal to allow default judgments in divorce cases and its requirement of proof on the pleadings. Miss. Code Ann. § 93-5-7 (Supp. 1992).
We hold the statute does not bar a defendant from presenting proof rebutting the plaintiff's proof, although he or she may not have filed an answer. Because the lack of an answer does not confess the allegations and because the plaintiff is still required to place the necessary proof before the court, the defendant is to be allowed to rebut that evidence through his or *431 her own proof. "[T]he policy of the law is to hear all pertinent evidence and to decide cases on fully developed facts." Weeks v. Weeks, 556 So.2d 348, 349 (Miss. 1990). Due to the special nature of a divorce proceeding in which the court may not enter a true default judgment, a defendant's failure to answer does not deprive the defendant of the right to put on evidence to rebut the allegations of the complaint. The defendant cannot offer evidence outside the scope of the complaint and cannot offer any evidence supporting any affirmative charge.
By his failure to allow Rawson to put on proof against and in response to Buta's allegations, we find the chancellor manifestly erred in application of the law.

III.
Rawson's second complaint concerns the lack of corroborating testimony to Buta's complaint. He claims that because Buta presented photographic evidence to corroborate her complaint of habitual, cruel, and inhuman treatment, but presented no testimonial corroboration, she failed to satisfy her burden to corroborate. The photographs at issue were introduced during the direct examination of Buta. She said Rawson grabbed her one night and squeezed her arms with enough force to leave bruises on her forearms. The pictures of her bruised forearms were taken a few days later, she said. Buta did not say who took the photographs, nor did any other person testify as to having seen the bruises.
A chancellor may grant a divorce on the grounds of "habitual, cruel and inhuman treatment." Miss. Code Ann. § 93-5-1 (1972). Mississippi rules require that "[i]n all uncontested divorce cases, except irreconcilable differences, the testimony of the Plaintiff must be substantially corroborated." Miss.Unif.Chan.Ct.R. 8.03 (1990). According to Mississippi case law, the plaintiff must prove this ground for divorce by a preponderance of the credible evidence. Cooper v. Cooper, 518 So.2d 664, 666 (Miss. 1988). The chancellor, as the trier of fact, evaluates the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony. Rainey v. Rainey, 205 So.2d 514, 515 (Miss. 1967).
Evidence sufficient to establish habitual, cruel and inhuman treatment should prove conduct that:
either endanger[s] life, limb or health, or create[s] a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief or, in the alternative, be so unnatural and infamous as to make the marriage revolting to the offending spouse and render it impossible for that spouse to discharge the duties of the marriage, thus destroying the basis for its continuance.
S. Hand, Mississippi Divorce, Alimony and Child Custody § 4-12 (2d ed. Supp. 1991) (citations); see e.g., Parker v. Parker, 519 So.2d 1232, 1234 (Miss. 1988); accord Kergosien v. Kergosien, 471 So.2d 1206 (Miss. 1985); Marble v. Marble, 457 So.2d 1342 (Miss. 1984). Although cruel and inhuman treatment usually must be shown to have been "systematic and continuous," see Robinson v. Robinson, 554 So.2d 300, 303 (Miss. 1989), a single incident may provide grounds for divorce. Ellzey v. Ellzey, 253 So.2d 249, 250 (Miss. 1971) (citing Bunkley & Morse, Amis Divorce and Separation in Mississippi § 3:14(3) (1957)). A causal connection between the treatment and separation must exist. Fournet v. Fournet, 481 So.2d 326, 328 (Miss. 1985).
The party alleging cruel and inhuman treatment must typically corroborate the testimony. Chambers v. Chambers, 213 Miss. 71, 56 So.2d 33 (1952). Only where "in its nature or owing to the isolation of the parties, no corroborating proof is reasonably possible," should a divorce be granted on the uncorroborated testimony of the plaintiff. Anderson v. Anderson, 190 Miss. 508, 200 So. 726, 727 (1941); Chambers v. Chambers, 213 Miss. 71, 56 So.2d 33 (1952). Regarding photographic corroboration, we find no case in which this Court has recognized the validity of using only photographs as corroborating evidence in establishing a claim of habitual cruel and inhuman treatment. While "[e]ven without *432 any corroboration as to any of the factual components ... the chancery court is not entirely powerless to find that the evidence is sufficient to support a finding of habitual, cruel and inhuman treatment," Polk v. Polk, 559 So.2d 1048, 1049-50 (Miss. 1990) (dictum, citing Anderson v. Anderson, 190 Miss. 508, 200 So. 726), we find the chancellor abused his discretion in granting the divorce on the sole basis of these photographs.
The rare occasion might arise in the future when photographs could provide the sole basis of corroborating evidence in a divorce action. But there was nothing in the nature of this particular action which precluded Buta from calling additional witnesses, such as her children, Rawson himself[4], her mother-in-law, the photographer, or other witnesses to the marriage. The two photographs of Buta's bruised arms are simply not sufficient corroborating evidence given the availability of testimonial witnesses in this case.

IV.
Appellant Rawson was entitled to present proof at trial rebutting Buta's allegations. Because of the special nature of a divorce proceeding, a defendant is not barred from defending the action upon failure to answer the complaint. Furthermore, we find the chancellor erred by holding the two photographs sufficient corroborating evidence of cruel and inhuman treatment. Accordingly, the chancellor's judgment is reversed and remanded for proceedings consistent with this opinion. We are compelled to note that errors attributed by this opinion to the chancellor are in large part the errors of the attorneys for the parties who failed to timely answer or to sufficiently develop the case so that the requirements of law were met and the necessary rulings of the court were supported.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, and BANKS, JJ., concur.
PRATHER, J., concurs in part and dissents in part with separate written opinion joined by ROY NOBLE LEE, C.J., in part.
McRAE, J., concurs in part and dissents in part with separate written opinion.
ROBERTS, J., not participating according to Supreme Court internal rules.
PRATHER, Justice, concurring in part, dissenting in part:

I.
I write separately to express my views. In my view, the primary issue of this case is whether the Mississippi Rules of Civil Procedure are going to be enforced in contested divorce cases or whether we will have "trial by ambush." Respectfully, I suggest that the majority seems to follow the latter procedure.
In this case the chancellor refused to allow the defendant, who did not timely file an answer, to present proof rebutting the plaintiff's proof or offering any affirmative matter. He was allowed to cross-examine the plaintiff's witnesses. The majority holds that, "[b]ecause the plaintiff is still required to place the necessary proof (to establish entitlement to the unanswered bill for divorce) before the court, the defendant is to be allowed to rebut that evidence through his or her own proof." The reasoning for the majority's holding derives from Weeks v. Weeks, 556 So.2d 348, 349 (Miss. 1990), in which this Court explained that "the policy of the law is to hear all pertinent evidence and to decide cases on fully developed facts." I too agree with this policy.
However, my position is that facts are to be fully developed pursuant to the Mississippi Rules of Civil Procedure. The majority view will encourage the non-filing of answers in contested divorce cases; in these cases, the complainant will face a "trial by ambush." The majority view affords the complainant no opportunity to know that there will be a contest, to discover *433 the opponent's claims and bases, or to know the weight of evidence required.
Mississippi divorce actions are governed by divorce and alimony statutory provisions. See Miss. Code Ann. § 93-5-1 et seq. (1972). These provisions limit the applicability of the Mississippi Rules of Civil Procedure, which govern only where the divorce statute stands silent. Miss. R.Civ.P. 81(a)(9) and comment. In Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss. 1988), this Court held:
We need to clarify the focus of our procedural context. The handling of the matters in issue, both here and below, is regulated and governed by the Mississippi Rules of Civil Procedure. Our starting point is Rule 81(a)(9), Miss.R.Civ.P., which provides for limited applicability of the Civil Rules to all proceedings under Title 93 of the Mississippi Code of 1972. Actions for divorce arise under Title 93, more specifically, under Miss. Code Ann. § 93-5-1 et seq. (1972 and Supp. 1987). Rule 81 provides that the Civil Rules are auxiliary to and suppletive of the statutory rules of procedure, that is, to the extent that the statutory procedural scheme be silent, or not inconsistent, the Mississippi Rules of Civil Procedure govern, but to that extent only. Clark v. Whiten, 508 So.2d 1105, 1107 (Miss. 1987). Vining v. Mississippi State Bar Association, 508 So.2d 1047, 1048 (Miss. 1987); Bias v. Bias, 493 So.2d 342, 343 n. 1 (Miss. 1986); First Mississippi National Bank v. KLH Industries, Inc., 457 So.2d 1333, 1336 (Miss. 1984).
See also Gray v. Gray, 562 So.2d 79, 82 (Miss. 1990); Queen v. Queen, 551 So.2d 197, 200 (Miss. 1989); Clark v. Whiten, 508 So.2d 1105, 1107 (Miss. 1987); Moore v. Moore, 451 So.2d 226, 226-27 (Miss. 1984).
As a general rule, the failure of a party to answer a complaint opens the party to default judgment. Miss.R.Civ.P. 55(a). In a divorce case, however, the rule for default judgments imposes special requirements:

Proof Required Despite Default in Certain Cases. No judgment by default shall be entered against ... a party to a suit for divorce ... unless the claimant establishes his claim or rights to relief by evidence, provided, however, that divorces on ground of irreconcilable differences may be granted pro confesso as provided by statute.
Miss.R.Civ.P. 55(e) (1990). "Seen in this light, we are concerned with a special kind of default judgment." Mayoza, 526 So.2d at 548. See also N. Hand, Mississippi Divorce, Alimony, and Child Custody §§ 5-2 & 7-6 (1981); J. Bunkley & W. Morse, Amis on Divorce and Separation in Mississippi § 15.02(4) (1957). Thus a divorce complainant must prove the allegations of the complaint, even when the defendant admits them by failing to answer:
[T]he complainant must produce evidence that will sustain a judgment even in an uncontested divorce case where the defendant has filed no answer or response. The default of the defendant does not work to the assistance of the complainant.
Hand, Mississippi Divorce § 7-6.
At first glance, rule 55(e) may seem to conflict with the 1991 amended language of section 93-5-7(2) of the state code, but it does not.[1] Section 93-5-7(2)'s new language, in fact, originated in a senate bill intended to conform the statute to the rules of procedure. See 1991 Miss. Laws ch. 573, § 129.[2] Before the introduction of the *434 amended language of 93-5-7(2), this Court stated in Mayoza, 526 So.2d at 548, "In practical effect ..., the Rules carry forward preexisting practice." Mayoza's observation still holds true.
Even though the court may not enter a true default judgment, a defendant's failure to answer deprives the defendant of the right to put on evidence. As stated by Professor Hand: "If the defendant has failed to deny or otherwise adequately respond to a charge in the Bill of Complaint, the defendant will be denied the opportunity to put on evidence of denial at the trial. Moreover, "[t]he [defendant's] failure to [answer] prevents the defendant from offering any testimony in contradiction to any matter established or alleged by the Bill of Complaint." Hand, Mississippi Divorce § 7-5, at 129-30; see also Bunkley, Amis on Divorce § 15.02(4) ("unless the defendant answers the bill, he may not offer any testimony in contradiction or rebuttal of that offered by the complainant"). Thus, a defendant in a divorce case who fails to answer, like any other defendant, waives the right to present testimony.
To summarize, this state's rules impose on a divorce complainant a requirement of proof greater than that typically imposed on a plaintiff entitled to a default judgment due to the defendant's failure to answer. This state imposes this proof requirement because it elects not to treat divorce allegations as evidence, and so the complainant must provide evidence whether the defendant answers or not. In other words, the complainant's proof requirement does not become lighter because the defendant fails to answer.
The complainant's retained-proof requirement does not imply any special privilege for the non-answering defendant. In any other type of case, the silent defendant would waive the right to put on evidence. Divorce is, and should be, no different. As with any other defendant, while a divorce defendant cannot be compelled to answer, he or she fails to do so at his or her own peril. To hold otherwise would skew Mississippi's divorce jurisprudence and allow an answerless defendant to ambush the complainant. Thus, though the defendant's failure to answer may not lighten the burden of the complainant, just as assuredly, the defendant's failure to answer cannot, in fairness, work to the defendant's advantage.
Of course, should the defendant appear in court, he or she may still cross-examine the complainant and the complainant's witnesses, as the defendant did in the case at hand. To that extent only, a defendant may still "contest" a divorce that the lack of an answer has rendered uncontested.
In this case, although Rawson complains that his answer was "only" three days late, the chancellor's enforcement of rule deadlines did not constitute an abuse of discretion. Rawson's claim that his agreement to an early trial should somehow ameliorate the effect of his missing the answer deadline carries no merit.
Respectfully, I dissent and would hold that if a contest arises in a divorce case, the Mississippi Rules of Civil Procedure should be followed to provide notice and fairness to the complainant as well as the defendant. I would therefore affirm the chancellor.

II.
As to the second assignment, sufficiency of the proof of the ground, the issue was a judgment call and is very close. It appears, however, there is no corroboration of the plaintiff's testimony as to the identity of the person who caused the bruises on *435 the complainant's arms. I would reverse on this issue.
ROY NOBLE LEE, C.J., concurs in part with this opinion.
McRAE, Justice, concurring in part/dissenting in part:
I concur with the majority opinion on the second issue that there was no sufficient corroboration i.e., photographs, and that the case should be reversed.
However, I dissent from the majority opinion's allowing the defendant to put on proof, including witnesses, in opposition to the plaintiff's case. Because of the default, the defendant is precluded from offering any opposing proof, including witnesses. He, of course, may cross-examine any witness and discuss the evidence, but may offer no proof. See M.R.C.P. 81(d)(4) which states "A party who fails to file an answer after being required so to do shall not be permitted to present evidence on his behalf."
The State of Mississippi has an interest in a marriage contract. Therefore, proof for the grounds for divorce will always be required. Miss. Code Ann. § 93-5-1, et seq. (1972). However, the Rules of Civil Procedure supplement the statutes in this case.
Rules of Civil Procedure regarding answers are applicable in divorce proceedings and the defendant should be bound by the rule or the rule should be changed.
NOTES
[1] Vera Buta was the plaintiff's former name, restored to her by the divorce decree.
[2] Rule 12(a) states:

A defendant shall serve his answer within thirty days after the service of the summons and complaint upon him... .
... .
The times stated under this subparagraph may be extended, once only, for a period of ten days, upon the written stipulation of counsel filed in the records of the action.
Miss.R.Civ.Pro. 12(a).
[3] Miss. Code Ann. § 93-5-7 was amended effective July 1991. The amended statute includes a provision that "no judgment by default may be granted ...".
[4] The testimony of a spouse called as an adverse witness has been held sufficient corroborating evidence. Gatlin v. Gatlin, 234 So.2d 634, 635 (Miss. 1970).
[1] Section 93-5-7(2), regarding the conduct of divorce proceedings, states: "[N]o judgment by default may be granted but a divorce may be granted on the ground of irreconcilable differences in termtime or vacation... ." Miss. Code Ann. § 93-5-7(2) (Supp. 1991); see also Miss. Code Ann. § 93-5-17 (Supp. 1991) (divorce proceedings must be heard in open court); Hand, Mississippi Divorce § 7-6. Prior to amendment, section 93-5-7(2) stated: "The bill shall not be taken as confessed...." Miss. Code Ann. § 93-5-7(2) (Supp. 1990).
[2] The semantic conflict results from 55(e)'s awkward appearance under the rubric of "default." A true default divorce judgment does not exist, because of the evidentiary requirement that the statute and Rule 55(e) impose on the complaining party. This requirement, that the complainant prove the allegations even when uncontested, means that the complaint, in an uncontested case, cannot be taken as evidence. Thus, Rule 55(e), by its proof requirement, comports with the statutory language prohibiting a divorce judgment by default.

The same policy motivates subsection 93-5-7(1): "[T]he defendant shall not be required to answer on oath... ." This statutory prohibition of an oath ensures that, like a complaint, neither may an answer have the dignity of being treated as evidence. Hand, Mississippi Divorce § 7-5, at 130; Bunkley, Amis on Divorce § 15-02(4). Likewise, "The fact that the admissions of the answer shall not be taken as evidence supports the statutory demand that the case be tried in open court... . [except] upon the ground of irreconcilable differences... ." Hand, Mississippi Divorce § 7-5, at 130 and § 7-6, at 132; see Miss. Code Ann. § 93-5-17 (1972).