## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-01266-SCT

*TURNER H. JONES*

*v.*

*DELORES JONES*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/94 |
| TRIAL JUDGE: | HON. WILLIAM ROBERT TAYLOR, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | THOMAS E. SCHWARTZ |
| ATTORNEY FOR APPELLEE: | SAMUEL E. FARRIS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 11/20/97 |
| MOTION FOR REHEARING FILED: | 12/3/97 |
| MANDATE ISSUED: | 2/23/98 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Turner H. Jones appeals a Final Judgment of divorce granted by the Chancery Court of Forrest County, Mississippi in favor of Delores Jones, appellee. He raises the following issues:

### ISSUE ONE

**WHETHER THE TRIAL COURT COMMITTED ERROR IN AWARDING PERIODIC ALIMONY TO DELORES JONES.**

### ISSUE TWO

**WHETHER THE TRIAL COURT ERRED IN AWARDING USE OF MARITAL PROPERTY TO DELORES AND ORDERING TURNER TO PAY ALL MEDICAL EXPENSES NOT COVERED BY INSURANCE AND ALL DEBTS INCURRED BY**

**THE PARTIES DURING THE MARRIAGE.**

## ISSUE THREE

**WHETHER THE TRIAL COURT COMMITTED ERROR BY ORDERING TURNER TO PAY THE ATTORNEY FEES OF DELORES.**

Turner claims that the trial court erred in awarding periodic alimony to Delores. There must be a finding of manifest error or an abuse of judicial discretion in order to reverse the chancellor's alimony award on appeal. *Powers v. Powers*, 568 So. 2d 255, 257-58 (Miss. 1990). The Chancery Court granted Delores periodic alimony of $600 per month. Turner has several sources of income which include a position at USM in which he earns about $49,320 per year. Delores has limited earning potential. Applying the factors cited in *Armstrong v. Armstrong*, 618 So. 2d 1278 (Miss. 1993), we find no evidence that the trial judge committed manifest error or abused his discretion. *Brennan v. Brennan*, 638 So. 2d 1320, 1323 (Miss. 1994).

Fairness is the prevailing guideline in the division of marital property. *Ferguson v. Ferguson*, 639 So. 2d 921, 929 (Miss. 1994). Turner claims that the chancellor was manifestly in error by awarding Delores use and occupancy of the marital homestead, and requiring Turner to pay medical expenses not covered by Delores's insurance and expenses incurred during the marriage. Turner's claim is without merit because he fails to consider Delores's contributions to the family as a homemaker in raising their children, and as the only financial provider while Turner was a full time student. Although the chancellor's decision is debatable, it is not manifestly in error. *Hemsley v. Hemsley*, 639 So. 2d 909 (Miss. 1994).

Turner contends that Delores's financial situation was compromised by the gift to her sister of Delores's share of the proceeds from the sale of her mother's home, which sold for $55,000. Delores allowed her sister to retain the total amount from the sale of the home because of the contribution that her sister made during the last stages of their mother's life. In her testimony regarding why she did not retain her half of the $55,000, Delores said:

> I just told you my sister had paid my mother that much and more for coming to her store and doing nothing because the doctor said that would help keep her alive and she could not contribute to working because she was sick most of that time. I could not help her, so as far as I'm concerned, that is hers.

Delores's decision not to retain her half of the proceeds from the sale of her mother's home certainly impacted upon her own financial stability. To a woman without many financial resources, $27,500 would have given her greater financial security and provided additional income for her support. However, in light of the totality of her circumstances we cannot say that $600 per month in periodic support is excessive even if she had retained the $27,500. This is what the chancellor apparently decided. Delores's monthly expenses exceed her earnings and the periodic alimony combined. Moreover, the question of the sincerity and bona fides of Delores's moral if not legal obligation to her sister in regard to the proceeds of her mother's estate is a matter to be assessed by the chancellor. We cannot say that his implicit determination is manifestly erroneous.

The chancellor's award of attorney's fees to Delores is predicated upon a finding of her inability to pay. *See Crowe v. Crowe*, 641 So. 2d 1100, 1105 (Miss. 1994). The Court found that Delores's income was limited to retirement benefits of $235.01 per month plus nominal earnings she received from substitute teaching. Her expenses were found to easily exceed $1,000 per month. Turner's financial condition is far superior to Delores's, and therefore it is reasonable that he be ordered to pay the $3,687.50 in attorney's fees.

For the foregoing reasons, the judgment of the Chancery Court is affirmed.

**AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**