CARLTON, J.,
dissenting:
¶ 19. I respectfully dissent from the majority’s decision to reverse and render the chancery court’s grant of a fault divorce to Deborah Ladner. Upon review of my record, I find that sufficient evidence exists to corroborate Deborah’s testimony regarding Philip Ladner’s abuse; therefore, I would affirm the chancery court’s grant of a divorce based on the fault ground of habitual cruel and inhuman treatment.
¶ 20. The Mississippi Supreme Court has held that a divorce on the ground of habitual cruel and inhuman treatment “will not be granted on the uncorroborated testimony of the complainant.” Anderson v. Anderson, 190 Miss. 508, 512, 200 So. 726, 727 (1941). This Court has further established that “[t]he complaining spouse’s testimony alone is inadequate to establish habitual cruel and inhuman treatment to obtain a divorce.” Hoskins v. Hoskins, 21 So.3d 705 707 (¶ 7) (Miss.Ct.App.2009).
¶ 21. In the present case, the majority found that the evidence presented at trial provides insufficient corroboration to Deborah’s testimony about the alleged abuse by Philip. At trial, Deborah offered two police reports and two protective orders into evidence, as well as a statement on one of the police reports that Deborah and Philip’s son, Philip Jr., was afraid of his father. In addition, Philip himself admitted at trial that he had broken his daughter’s door once in anger.
¶ 22. The record also reveals that during the trial, Deborah testified that her daughter and a neighbor have called the police on two separate occasions regarding a domestic disturbance between Philip and Deborah. In the report from the Wave-land Police Department, Reporting Officer David Allen detailed that he was dispatched to the Ladners’ home at 1201 McKinley Street, Waveland, Mississippi, on May 17, 2006, at approximately 10:30 p.m. According to Officer Allen’s report, he stated that he:
contacted Deborah Ladner who stated that she had gotten an order of protection against her husband Phillip [sic] Ladner but the order did not stipulate that he could not live at their residence at 1201 McKinley. [Deborah], who was staying at 1236 McKinley, stated that her son, Phillip [sic] Ladner Jr., had come home from work and found that his father had put new locks on the house. [Philip] was not at the house.
[[Image here]]
Philip Jr. did not want to call his father ... because he was scared of him. I suggested that he go with his mother for the time being, if custody arrangements *674 permitted it, and come back later when his father was [sic] home.
¶ 23. Our supreme court has established that in cases involving a divorce based on the ground of habitual cruel and inhuman treatment, “[t]he corroborating evidence need not be sufficient in itself to establish the ground”; rather, “it need only provide enough supporting facts for a court to conclude that the plaintiffs testimony is true.” Bell on Mississippi Family Law § 4.02[8][d] at 74 (citing Anderson, 190 Miss, at 508, 200 So. at 728). Additionally, the supreme court has stated that chancellors are charged with weighing the evidence presented, and an appellate court will not disturb a chancellor’s determination when supported by findings of fact unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.” Samples v. Davis, 904 So.2d 1061, 1063-64 (¶ 9) (Miss.2004) (citing Jundoos-ing v. Jundoosing, 826 So.2d 85, 88 (¶ 10) (Miss.2002)). This Court respects those findings of fact which are supported by substantial credible evidence. Keough v. Keough, 742 So.2d 781, 782 (¶ 5) (Miss.Ct.App.1999).
¶ 24. Keeping this standard of appellate review in mind, I find that the record indeed reflects sufficient evidence to support the chancellor’s findings of fact in the present case. Although the majority held that Deborah had failed to provide evidence to corroborate her testimony, I find that the two petitions for temporary protection from Philip, as well as the police report issued in response to Philip’s violation of the protective order, in which the reporting officer noted that Philip Jr. was scared of his father, provide sufficient evidence for the chancellor’s grant of divorce on the ground of habitual cruel and inhuman treatment. Therefore, I dissent from the majority’s decision to reverse and render the judgment of the chancery court.