¶ 17. The majority is correct in holding that Stevens was entitled to and vested with an attorney's charging lien against the settlement fund of Peggy Cuevas. However, the majority's reasoning is flawed when it holds that Stevens's mere failure to plead the theory of conversion in his complaint bars recovery from Wetzel and that a failure to give a continuous and sufficient notice to MGA constitutes abandonment. It is of interest that Wetzel knew Stevens had not abandoned by sending a check for partial expenses to Stevens without any attorneys fees. Both of the defendants knew of the lien and were on notice of it, and Stevens filed a notice complaint which sufficiently complied with *Page 297 Miss. R. Civ. P. 8(a). Accordingly, I dissent.
¶ 18. As to MGA, one can only wonder what type of notice a plaintiff must give to such a sophisticated defendant. There was never any form of affirmative action by Stevens to notify MGA that he was abandoning his claim after his motion to intervene was denied. MGA was well aware of the lien Stevens possessed and yet, still failed to include his name on the draft. He gave them notice of his representation, discussed the claim, filed a lawsuit in which they defended, incurred expenses, and attempted to intervene over the objections of everyone. It was his choice then to either appeal or file suit whenever money was obtained. He chose the latter in a timely fashion. This was a more sensible approach than what the majority espouses. Any alleged abandonment by Stevens would appear to be a question for the trier of fact, not this Court.
¶ 19. In this state there is no statute fixing or regulating the lien of an attorney, or the enforcement thereof. Collins v.Schneider, 187 Miss. 1, 9, 192 So. 20, 22 (1939). In the case ofStewart v. Flowers, 44 Miss. 513, 519 (1871), this Court held that an attorney's lien on judgments and decrees obtained by them for fees on account of services rendered, belongs to the family ofimplied common law liens, and is firmly engrafted on the common law.
¶ 20. Therefore, in line with common law, we have consistently held that a Mississippi attorney may impose a special or charging lien entitling the attorney to recover his fee and expenses from the proceeds of the judgment of a case. Tyson v. Moore,613 So.2d 817, 827 (Miss. 1992). A charging lien lies against any fund of money or other property belonging to the client when that fund is generated or the property is recovered through the efforts of the attorney on his client's behalf. Tyson, 613 So.2d at 826. Such alien attaches once that fund is created or once the propertyitself is finally adjudicated as being the property of the client.Id.
¶ 21. There is also considerable evidence that not only was Wetzel responsible for the payment of attorney fees to Stevens, but that he was aware of such duty. The Court of Appeals pointed out that "the record is replete with evidence in the form of written communications between the attorneys that Stevens was asserting his right to be paid out of settlement proceeds and that Wetzel was on actual notice of such a claim." Estate of Stevens v. Wetzel,No. 96-CA-000343-COA, at *6 1999 WL 58566 (Miss. Ct. App. Feb.9, 1999). In fact, after Stevens saw his contract terminated, he sought leave to intervene in the pending federal court personal injury action to assert a claim for compensation for his work on the case prior to his termination. This suit served as additionalnotice to both Wetzel and MGA that Stevens intended to be paid for his services out of the settlement. Stevens filed a complaint and conducted discovery which both defendants were aware of.
¶ 22. Mississippi is a notice-pleading state. As a result, Wetzel satisfied the requirements of Rule 8 in his Complaint. MississippiRule of Civil Procedure 8 states, in pertinent part: (a) Claims for Relief. A pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, . . . (e) Pleading to Be Concise and Direct: Consistency. (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms ofpleading or motions are required. The comment to Rule 8 begins with this statement: "The purpose of Rule 8 is to give notice,not to state facts and narrow the issues as was the purpose inprior Mississippi practice." (emphasis added). Crowe v. Crowe,641 So.2d 1100, 1104 (Miss. 1994); Independent Life Acc. Ins. Co.v. Peavy, 528 So.2d 1112, 1116 (Miss. 1988); see Miss. R. Civ. P. 8cmt. There are no magic words required by this rule. *Page 298 
¶ 23. Since Wetzel had control of the funds with actual notice of the existence of Stevens's lien and the funds were dispersed in a manner that ignored Stevens's lien. It may appear that Wetzel committed an act of for which he may be liable, and a trier of fact should decide this. Stevens's Amended Complaint provided in pertinent part:
 The Plaintiff therefore asks for declaratory relief in the form of a Judgment of ELEVEN THOUSAND SIX HUNDRED EIGHTY NINE AND 23/100 ($11,689.33) DOLLARS to reflect that the Plaintiff's charging lien, which was fixed at the date of discharge, is superior in priority of liens to the Defendant, JAMES K. WETZEL's, contingency fee, which came later.
¶ 24. The above paragraph clearly meets the requirement in Rule8 that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. The paragraph is much more detailed than that of a general prayer for relief. The Court in Smith v. Smith, 607 So.2d 122, 127 (Miss. 1992) held that "under the general prayer, any relief will be granted which the original bill justifies and which is established by the main facts of the case, so long as the relief granted `will not cause surprise or prejudice to the defendant.'" (quoting Hollemon v. Hollemon, 527 So.2d 90, 93 (Miss. 1988)). Considering the number of times Stevens attempted to recover payment from Wetzel with Wetzel's knowledge of the debt, such relief, if granted, should not be of any surprise to Wetzel.
¶ 25. By choosing to ignore this legal obligation to Stevens, with the ultimate effect of putting the funds beyond the reach of Stevens's charging lien, Wetzel violated basic and fundamental lien obligations for the purpose of personal financial gain. He received 1/3 of the gross settlement; his client received unpaid medical bills that were paid for from Wetzel's trust account.
¶ 26. I would reverse and remand for a full hearing on the merits to: (1) address the issue of Wetzel's obligations to Stevens and (2) address whether MGA had sufficient notice of Stevens's claim under our state's notice pleadings decisions to be liable to Stevens. Clearly the chancellor erred and this matter should be sent back for a full trial. Accordingly, I dissent.
BANKS, P.J., AND COBB, J., JOIN THIS OPINION.