205 So.2d 514 (1967)
Lina Love RAINEY
v.
Harold W. RAINEY.
No. 44657.
Supreme Court of Mississippi.
December 20, 1967.
*515 Gerald Adams, Meridian, Pittman, King & Pittman, Hattiesburg, for appellant.
Dudley W. Conner, Hattiesburg, for appellee.
SMITH, Justice:
Lina Love Rainey has appealed from a decree of the Chancery Court of Forrest County granting a divorce to her husband, Harold W. Rainey, upon the ground of habitual cruel and inhuman treatment. The decree also awarded alimony and attorneys' fees to appellant, but there has been no cross-appeal.
This was the third marriage for each of the parties. They have no children. The marital difficulties reflected by the record extended over a period of several years before culminating in a final separation. The only issues raised by appellant in her assignment of errors are that (1) there was no corroboration of appellee's testimony establishing the ground for divorce, and (2) the amounts awarded her as alimony and as a property settlement should be larger.
We have carefully reviewed the record and have concluded that the evidence establishing the ground for divorce was sufficiently corroborated to support the action of the chancellor in granting the divorce, particularly when viewed in the light of admissions made by the appellant. The credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts. The issue here was a factual one and the chancellor's decision will not be disturbed since it was not manifestly wrong.
The appellant was awarded alimony, notwithstanding the fact that she was the offending party in the divorce action, together with a lump sum in the nature of a property settlement. She complains that the amount awarded should be greater. On the record before us, we are unable to say that the chancellor erred in fixing the amounts of these awards. The award of alimony, under the circumstances, was a matter within the sound discretion of the chancellor. Bunkley & Morse, Amis on Divorce and Separation in Mississippi §§ 6.04, 6.08 (1957).
An attorneys' fee of $350 was allowed appellant to cover services of her solicitors in the trial court. She asks that a further allowance be made to compensate her solicitors for services on this appeal. This request is granted and appellant is allowed the further sum of $175 as solicitors' fees for services in this Court.
Affirmed as modified.
GILLESPIE, P.J., and RODGERS, PATTERSON AND ROBERTSON, JJ., concur.