493 So.2d 978 (1986)
Penny J. ALEXANDER
v.
Bobbie Gerald ALEXANDER.
No. 55838.
Supreme Court of Mississippi.
September 10, 1986.
William H. Jones, Petal, for appellant.
Jack Parsons, Parsons & Matthews, Wiggins, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
This appeal questions whether a chancery court may grant a contested divorce on the ground of irreconcilable differences. Finding that no such statutory authority exists this Court reverses the Chancery Court of Stone County and remands the case for further proceedings.

I.
Penny J. Alexander filed a complaint for divorce, alimony, and property settlement against her husband, Bobbie Gerald Alexander, on the grounds of adultery, habitual cruel and inhuman treatment, and, in the alternative, irreconcilable differences. A cross-complaint was filed by the husband seeking a divorce on the same three grounds. No property settlement agreement was reached. At the conclusion of the contested trial, the chancellor granted to the wife a divorce announcing, in part, his opinion:

*979 While clear proof of the second listed ground under Section 93-5-1 of the Mississippi Code of 1972, as amended, was presented against the defendant, the Court is of the opinion that a divorce upon the ground of irreconcilable differences is warranted under the facts of this case and should be awarded. The Court is of the opinion that alimony is not warranted because the plaintiff is well-educated, intelligent, and is employed in a good job where she now earns more than the defendant. Her situation in life is the basic reason for awarding a "no-fault" divorce instead of a divorce upon another ground.
A property settlement was also ordered by the trial judge.
Mrs. Alexander appeals to this Court asserting as error the granting of the divorce on the ground of irreconcilable differences, rather than on the ground of adultery.

II.
The Mississippi Legislature adopted irreconcilable differences as a thirteenth ground for divorce effective July 1, 1976. However, to utilize such ground, prescribed procedures were set forth in Miss. Code Ann. § 93-5-2 (Supp. 1985).
Divorce from the bonds of matrimony may be granted on the ground of irreconcilable differences, but only upon the joint bill of the husband and wife or a bill of complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process. No divorce shall be granted on the ground of irreconcilable differences unless the court shall find in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties. The agreement may be incorporated in the decree, and such decree may be modified as other decrees for divorce. Bills for divorce on the ground of irreconcilable differences must have been on file for sixty (60) days before being heard. A joint bill of husband and wife or a bill of complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process, for divorce solely on the ground of irreconcilable differences, shall be taken as confessed and a final decree entered thereon, pro confesso, as in other cases and without proof or testimony in term time or vacation, the provisions of section 93-5-17 to the contrary notwithstanding. No divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or canceled by the party filing same by leave and order of the court. Irreconcilable differences may be asserted as a sole ground for divorce or as an alternate ground for divorce with any other cause for divorce set out in section 93-5-1.
Thus, married partners who could reconcile their property matters and satisfy the chancery court as to the adequacy of their agreement regarding custody and maintenance of children could obtain a divorce on the ground of irreconcilable differences.
The appellant argues that, without such written agreement regarding property, and with a contest as to the grounds, the chancery court acted beyond statutory authority.
On the other hand, appellee argues that no contest or denial existed as to the ground of irreconcilable differences, but only as to the grounds of adultery and habitual cruel and inhuman treatment. Appellee contends that to accept the appellant's interpretation would require adding language to the statute. In that case the statute would necessarily read "no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial" [of any of the twelve alternate grounds for divorce]. The interpretation, *980 appellee contends, should be as the statute is written. He notes also that the property division ordered by the court was the "express intention" of parties.
It is the opinion of this Court that the express intent of the statute requires that there be no contest or denial of any ground for divorce. It further requires:
(1) the filing of a bill (complaint) for divorce for sixty (60) days before being heard,
(2) notice to the other spouse, either by joinder in the bill (complaint), personal service of process, or a written waiver of process,
(3) a written agreement by the parties prior to entry of a final decree concerning settlement of any property rights of the parties, and
(4) a written agreement by the parties prior to the final decree concerning the custody and maintenance of any children of that marriage, subject to modification and the finding by the chancery court that agreements are adequate and sufficient with regard to the children.
In the case sub judice, there was no written agreement of the parties regarding their property rights as required by the statute. This Court adopts the language of the specially concurring opinion in Gallaspy v. Gallaspy, 459 So.2d 283, 287 (Miss. 1983) wherein the opinion stated:
The chancery court has no authority to grant a divorce on the grounds of irreconcilable differences unless the parties have reached [a written] agreement on all financial matters.
Additionally, the filing of a cross-complaint by appellee amounted to a contest or denial until withdrawn or canceled by leave and order of the chancery court.
This Court therefore holds that the chancery court exceeded its authority in granting a divorce on the ground of irreconcilable differences in this cause, and that this cause should be reversed and remanded to the Stone County Chancery Court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON, J., concurring by separate written opinion.
WALKER, C.J., and GRIFFIN, J., not participating.
ROBERTSON, Justice, concurring:
In Gallaspy v. Gallaspy, 459 So.2d 283 (Miss. 1984) five members of this Court expressed a general sense of unease about one feature of the Irreconcilable Differences Divorce Act of 1976. Miss. Code Ann. § 93-5-2 (Supp. 1985). We referred to the legislatively prescribed procedural
requirement in the law that, before a divorce may be granted on grounds of irreconcilable differences, the parties must have voluntarily negotiated and entered into an agreement respecting the custody and maintenance of children as well as all matters touching alimony and the settlement of their respective property rights.
Gallaspy v. Gallaspy, 459 So.2d at 286.
The defect in the act is that it allows the spouse likely to be saddled with alimony and support obligations  generally the husband  to engage in "financial blackmail". Wives are thus induced to settle for lower alimony and, more important, lower child support than they would ordinarily be entitled to. Obstinate husbands can and do dictate their own financial terms incident to the divorce.
The problems to which the five members of this Court alluded in Gallaspy have not proven isolated nor have they gone away. A brief review of some of our recent decisions should make the point. See, e.g., Fournet v. Fournet, 481 So.2d 326, 328-29 (Miss. 1985); Kergosien v. Kergosien, 471 So.2d 1206, 1209 (Miss. 1985); Churchill v. Churchill, 467 So.2d 948, 950-51 (Miss. *981 1985); Stennis v. Stennis, 464 So.2d 1161 (Miss. 1985).
We have not been alone in recognizing the problem. In 1985 and 1986 the Mississippi House of Representatives passed overwhelmingly bills designed to make irreconcilable differences a thirteenth ground for divorce without regard to whether there was a prior written financial settlement agreement between the parties, trusting (as we do in every other context) the chancery judge to decide fairly and equitably questions of alimony and child support. In 1985 the bill[1] passed the House 84-35, with three not voting. In 1986 it[2] passed 83-35, with four not voting. In each case the bill inexplicably died in committee in the Senate without reaching the floor for a vote.
In this context and on further reflection regarding the entire question, I consider that the Chancellor in the case at bar was far closer to the mark than the majority allows. To the point, I do not understand how the majority can hold that the judiciary is bound by the purely procedural features of the Irreconcilable Differences Divorce Act.
Without doubt, it is the legislature of this state which is vested with the sole authority to prescribe the grounds upon which divorces may be granted. Carson v. Carson, 40 Miss. 349 (1866); Criswell v. Criswell, 254 Miss. 746, 753, 182 So.2d 587 (1966). Moreover, it is within the authority of the legislature to direct that, incident to an action for divorce, the chancery court assure that matters such as alimony, settlement of property rights, custody and support of children, attorneys fees and the like be dealt with. But the procedure by which these matters are accomplished is in my view the responsibility of the judicial branch of the government of this state. See, e.g., Newell v. State, 308 So.2d 71, 76-78 (Miss. 1975); Jackson v. State, 337 So.2d 1242, 1253 (Miss. 1976).
Respecting the Irreconcilable Differences Divorce Act of 1976, I accept without hesitation that the legislature has the authority to proscribe that divorces may be granted on grounds of irreconcilable differences. Furthermore the legislature has full authority to require that, incident to any such divorce, "sufficient provision" be made "for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties." Miss. Code Ann. § 93-5-2 (Supp. 1985). Constitutionally, the legislature does not have the authority to dictate the procedure by which these substantive matters may be litigated and accomplished. We may hold otherwise only in derogation of a decade of post-Newell history.
To be sure, we have over the past ten years deferred to the procedure set forth in Section 93-5-2, as we have done in various other areas wherein the legislature, perhaps even unwittingly, has enacted upon subjects purely procedural. See, e.g., Miss. Code Ann. §§ 99-39-3, et seq. (Supp. 1985). When we do this we act out of considerations of comity, not obligation.
Notwithstanding these considerations, I join in the reversal of the judgment below  reluctantly. By virtue of Section 93-5-2, courts of otherwise competent jurisdiction  the chancery courts at trial and this Court on appeal  have authority to grant divorces on grounds of irreconcilable differences if the evidence so warrants, notwithstanding the failure of the parties to conform to the procedures set out in the statute. This Court has not, however, heretofore exercised its procedural or rule making authority with respect to irreconcilable differences divorces. We have deferred to the legislative procedure. Because of this, I regard it appropriate that we not announce ex cathedra and without notice that we will no longer conform to the legislative procedure. I do urge, in the not too distant future, that this Court employ its rule making power and either through the vehicle of a series of rules generally promulgated enforceable in all chancery courts or perhaps *982 pendant to the decision of an appropriate case and set forth just and equitable procedures for the administration of the Irreconcilable Differences Divorce Act of 1976.
NOTES
[1] See House Bill No. 55, Regular Session, 1985.
[2] See House Bill No. 322, Regular Session, 1986.