909 So.2d 1241 (2005)
Kimberly Sue FUNDERBURK, Appellant
v.
Charles Donald FUNDERBURK, Appellee.
No. 2002-CA-01498-COA.
Court of Appeals of Mississippi.
February 8, 2005.
*1242 S. Christopher Farris, attorney for appellant.
William Lawrence Peebles, Eugene Love Fair, Hattiesburg, attorneys for appellee.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Kimberly Sue Funderburk appeals the chancellor's judgment awarding custody of the two children to Charles Donald Funderburk. We find no error and affirm.

FACTS
¶ 2. Kimberly and Charles were married in August of 1991. Two children were born to their marriage. After agreeing to *1243 a divorce on the grounds of irreconcilable differences, they consented to allow the chancellor to determine the issues of custody of their two minor children, child support, responsibility for medical insurance, equitable distribution of the marital assets, and alimony. The chancellor rendered an opinion in August 2002. By agreement, an amended judgment specifying division of personalty and detailed visitation by Kimberly was entered a month later. Kimberly appeals the award of paramount physical custody of the two minor children to Charles.

STANDARD OF REVIEW
¶ 3. Our scope of review in domestic matters is limited. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). This is particularly true "in the areas of divorce and child support." Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989). This Court is not called upon or permitted to substitute its collective judgment for that of the chancellor. Richardson v. Riley, 355 So.2d 667, 668-69 (Miss.1978). A conclusion that we might have decided the case differently, standing alone, is not a basis to disturb the result. Id.

ANALYSIS
¶ 4. In all child custody cases, the polestar consideration is the best interest of the child. Sellers v. Sellers, 638 So.2d 481, 485 (Miss.1994). In making a child custody determination, it is well settled law that the trial court is to consider several facts which include: the age of the children; the health and sex of the children; which parent had the continuity of care prior to the separation; which parent has the best parenting skills and which has the willingness and capacity to provide primary child care; the employment of the parents and their responsibilities in that employment; the physical and mental health and age of the parents; emotional ties between parent and child; the moral fitness of the parents; the home, school and community record of the child; the preference of the child if of sufficient age; the stability of the home environment and employment of each parent; and any other relevant factors. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).
¶ 5. We may not always agree with a chancellor's decision as to whether the best interests of a child have been met, especially when we must review that decision by reading volumes of documents rather than through personal interaction with the parties before us. Hensarling v. Hensarling, 824 So.2d 583, 586-87 (¶ 8) (Miss.2002). However, in custody cases, we are bound by the limits of our standard of review and may reverse only when the decision of the trial court was manifestly wrong, clearly erroneous, or an erroneous legal standard was employed. Wright v. Stanley, 700 So.2d 274, 280 (Miss.1997).
¶ 6. The chancellor found the following Albright factors to be neutral: age, health and sex of the child;[1] parenting skills; willingness and capacity to provide primary childcare; physical and mental health and age of the parents; emotional ties with parent and child; and preference of child. The chancellor found no Albright factors to favor Kimberly. The chancellor *1244 found the following Albright factors to favor Charles: continuity of care; employment of the parent and responsibilities of employment; moral fitness of parent; home, school and community record of the child; stability of home environment; and other factors relevant to the parent-child relationship. The chancellor also included the following admonition:
The court would note its concern that both parties have exhibited behavior that is clearly disadvantageous to the best interest of the minor children. Both Charles's and Kim's activities were responsible for the destabilization of their marriage and, in order to ensure that such behavior does not adversely affect the children, the court admonishes both parties to cease and desist from any behavior which could be detrimental to the children.
The chancellor's warning was based on evidence of drinking, smoking, masturbation and adultery by both parties. While we decline to detail the intimate details that have been asserted, we have reviewed each of the allegations and the factual arguments of both parties.
¶ 7. Kimberly contends that the chancellor abused his discretion and was manifestly wrong in his evaluation of the various Albright factors. The chancellor's opinion considered each of the factors, offered his analysis of the evidence relating to those factors, and then reached a conclusion as to which parent was favored under each factor. The end result was that Charles should receive paramount physical custody of the two minor children, with Kimberly having liberal visitation. Kimberly takes issue with those findings, primarily by citing to other evidence in the record that is more favorable to her. Kimberly asks this Court to re-analyze the Albright factors and render a decision with a different outcome.
¶ 8. Determining custody of children is one of the most difficult decisions that courts must make. In Buchanan v. Buchanan, 587 So.2d 892, 898 (Miss.1991), the supreme court held that:
The law affords no mathematical formula for deciding such cases, and, even when the trial judge sensitively assesses the factors noted in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983) and progeny, the best the judiciary can offer is a good guess. We doubt it would be contrary to these children's best interests if [their parents] were to sit down and talk as the intelligent and mature adults they profess to be and resolve these matters without further civil warfare.
On the other hand, for one reason or another, we know and accept that there are times when people cannot agree, and the reason we have courts is to decide these cases.
¶ 9. We have reviewed the transcript and record. Clearly, the chancellor considered the decision on custody as a close question. There was evidence that the chancellor found to be disturbing about both parties. Nevertheless, the evidence indicated both positive and negative characteristics of both parents and that both parents must work to ensure that they properly raise their children. We recognize that there is room for error in such decisions and allow for a modification of custody under the appropriate circumstances.
¶ 10. Nevertheless, we must recognize that the chancellor sits as finder of fact in a child custody dispute. Rainey v. Rainey, 205 So.2d 514, 515 (Miss.1967). As such, the chancellor is vested with the responsibility to hear the evidence, assess the credibility of the witnesses, and determine ultimately what weight and worth to *1245 afford any particular aspect of the proof. Id. The chancellor's findings of fact so made are entitled to deference and it is not our role to substitute our judgment for his. Id. As an appellate court, we often admonish ourselves that we do not need to re-examine all of the evidence to see if it agrees with the chancellor's ruling; rather, our duty is merely to see if the chancellor's ruling is supported by credible evidence. Lee v. Lee, 798 So.2d 1284, 1288 (¶ 14) (Miss.2001). "So long as there is substantial evidence in the record that, if found credible by the chancellor, would provide support for the chancellor's decision, this Court may not intercede simply to substitute our collective opinion for that of the chancellor." Bower v. Bower, 758 So.2d 405, 412 (¶ 33) (Miss.2000).
¶ 11. Here, the chancellor's findings are supported by credible evidence in the record. While this Court may have given greater weight to different testimony, we cannot escape our responsibility to merely determine whether there is credible evidence to support the chancellor's decision. If there is, we must affirm it. Bower, 758 So.2d at 412 (¶ 33).
¶ 12. The chancellor adequately stated the factual findings and legal conclusions that he relied on to find that the contested factors favored Charles. There was credible evidence to support the chancellor's award of custody to Charles. Accordingly, we find no reversible error and affirm the award of paramount physical custody of the parties' minor children to Charles.
¶ 13. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT AWARDING JOINT LEGAL CUSTODY OF THE MINOR CHILDREN TO BOTH PARENTS AND PARAMOUNT PHYSICAL CUSTODY TO THE FATHER IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR.
NOTES
[1] The chancellor determined that the daughter would "be best placed with her mother," and the son would "be best placed with his father." The chancellor determined that this factor was neutral.