BRIDGES, P.J.,
for the Court.
¶ 1. Douglas J. Rainey, Jr., filed a complaint against Valerie C. Sauls in the Chancery Court of Hancock County for the purpose of establishing paternity and obtaining custody of Abigayle Nicole Rai-ney, the child born unto the couple while in a relationship. In conjunction with the complaint, Rainey filed a motion for an ex parte restraining order and injunction, and the chancellor subsequently granted Rai-ney temporary custody of Abigayle. Sauls then filed a counterclaim for custody. Following trial, Rainey was adjudged to be the natural and biological father of Abi-gayle and was awarded the sole legal and physical custody of her.
¶ 2. Aggrieved by the decision of the chancellor, Sauls has appealed and now comes before this Court presenting a single issue:
*183 I. DID THE CHANCELLOR MANIFESTLY ERR IN HIS APPLICATION OF THE ALBRIGHT FACTORS?
¶ 3. Finding no such error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 4. In 1998, Rainey and Sauls, though unwed, began cohabiting in River Ridge, Louisiana, and living with them was Kayla E. StecMer, Sauls’s daughter from a prior relationship. A few years later, Sauls became pregnant, but before the March 20, 2001, birth of their daughter, Abigayle, Rainey and Sauls separated. Rainey moved into a house that he had purchased next to his parents in Chalmette, Louisiana, and Sauls moved to Deer Park Subdivision in Hancock County, Mississippi, where Rainey had purchased for her a lot and trailer. Sauls lived there with Abi-gayle and Kayla until August 31, 2002, when the uninsured trailer was destroyed by fire. Rainey subsequently provided for Sauls and the girls a room at the Waffle Motel, which is where they stayed until the end of October.
¶ 5. On October 11, 2002, Rainey filed a complaint against Sauls in the Chancery Court of Hancock County requesting that he be adjudicated the father of Abigayle and that he be awarded custody of her. At that time, he also filed against Sauls a motion for an ex parte restraining order and injunction claiming that without such relief Abigayle was in danger of sustaining irreparable harm to her physical and mental well being in light of Sauls’s increasingly erratic behavior and dependance on drugs and alcohol. On October 14, the chancellor granted Rainey temporary legal and physical custody of Abigayle and enjoined Sauls from removing Abigayle from Rainey’s custody until further order of the court.
¶ 6. Rainey and Sauls then appeared before the court on November 1, 2002, for a hearing on the motion for temporary relief, during which Sauls, after repeated questioning by the chancellor, admitted to recent drug use. Thereafter, the chancellor granted Rainey temporary custody of Abigayle and ordered limited supervised visitation for Sauls. The chancellor further ordered Sauls to pay $50 per month in child support and for each party to submit samples of hair and urine for drug testing. The results from Rainey’s tests returned negative; however, Sauls tested positive for ecstasy and cocaine.
¶ 7. The trial for permanent custody of Abigayle began on March 18, 2003, and on March 20, Sauls filed a counterclaim for custody. At the trial’s completion, the chancellor declared Rainey to be the natural and biological father of Abigayle and awarded him sole legal and physical custody of her. The judgment further outlined Sauls’s rights of visitation and ordered her to pay $168 per month in child support. Sauls now comes before this Court challenging the chancellor’s judgment of custody.
LAW AND ANALYSIS
¶ 8. Sauls maintains that the chancellor abused his discretion, thereby manifestly erring, in his evaluation of the well-known Albright factors, which the Mississippi Supreme Court proclaimed must be considered in making custody determinations. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). In rendering his judgment, the chancellor outlined his evaluation of each of these factors, providing his analysis of the evidence as to each and by then declaring which parent was favored under each factor. In her appeal, Sauls challenges those findings, primarily by citing to other evidence in the record that is more favorable to her.
¶ 9. In matters of child custody, the chancellor sits as the finder of fact, *184 and the responsibilities commensurate with being such include hearing all of the evidence, assessing the credibility of the witnesses, and determining what weight and worth to afford each aspect of the proof. Rainey v. Rainey, 205 So.2d 514, 515 (Miss.1967). Accordingly, the chancellor’s findings of fact are afforded great deference on appeal, and an appellate court may only disturb said findings if the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Turpin v. Turpin, 699 So.2d 560, 564(¶ 14) (Miss.1997).
¶ 10. In reviewing the judgment of the chancellor granting Rainey full custody of Abigayle, we conclude that his findings are supported by evidence in the record, evidence that he obviously regarded as persuasive. Furthermore, we conclude, from our own review of the record, that the chancellor did not plainly err in his weighing of the various aspects of the proof and by subsequently relying on that evidence in concluding what award of custody would best serve the interests of the child. Therefore, following careful consideration of the facts pertinent to this issue under the aforementioned standard of review, we can only conclude that any assignment of error concerning the chancellor’s consideration of the Albright factors is without merit.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.