914 So.2d 754 (2005)
Kimberly S. HEATHERLY, Appellant
v.
Charles K. HEATHERLY, Appellee.
No. 2004-CA-01487-COA.
Court of Appeals of Mississippi.
November 1, 2005.
*755 James L. Farrior, Biloxi, attorney for appellant.
Thomas Wright Teel, Biloxi, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. This appeal arises from a judgment of divorce granted to Charles Heatherly. *756 During the course of litigation, the parties agreed to an irreconcilable differences divorce, and the framework of the agreement was dictated into the record. However, after Kimberly Heatherly failed to sign the drafted settlement agreement, the chancellor granted a divorce to Charles on the ground of habitual cruel and inhuman treatment.
¶ 2. Feeling aggrieved, Kimberly now appeals, asserting that the chancellor erred in granting a judgment of divorce on the ground of habitual cruel and inhuman treatment without any corroborating testimony.
¶ 3. We agree; therefore, we reverse and remand for further proceedings consistent with this opinion.

FACTS
¶ 4. Charles filed a complaint for divorce, seeking a divorce on the grounds of irreconcilable differences or, in the alternative, habitual cruel and inhuman treatment. Kimberly filed an answer and counterclaim in which she denied that Charles was entitled to a divorce on the grounds of irreconcilable differences or habitual cruel and inhuman treatment.
¶ 5. After numerous continuances, the matter was eventually set for trial on February 9, 2004. On that day, the parties announced to the chancellor that they had reached a settlement, stating, "Your Honor, we're going to agree to a divorce, but we're going to submit it as an irreconcilable differences divorce." Charles's attorney dictated the settlement agreement into the record. The agreement made no reference to any withdrawal by Kimberly of her answer and counterclaim. Charles and Kimberly affirmatively stated that they understood and agreed to the terms of the settlement agreement as dictated.
¶ 6. However, Kimberly never signed the settlement agreement, and one week later, the chancellor granted Charles a judgment of divorce on the ground of habitual cruel and inhuman treatment. Kimberly immediately retained new counsel and filed a motion to reconsider the judgment.
¶ 7. On June 2, 2004, a hearing was held on the motion to reconsider the judgment. During the hearing, Kimberly's attorney requested that the chancellor set aside the judgment of divorce for lack of jurisdiction to enter a divorce on the ground of habitual cruel and inhuman treatment or to grant any of the other relief set forth in the judgment.[1] The chancellor responded, "I think I'm going to amend the order and I'm going to grant your motion to reconsider to the extent that I'm going to change it to a divorce on the grounds of irreconcilable differences." Nevertheless, on June 25, 2004, the chancellor entered an order denying Kimberly's motion to reconsider.
¶ 8. On July 21, 2004, Kimberly filed a notice of appeal from the order issued by the chancellor. On January 18, 2005, almost six months later, the chancellor sent a letter to the supreme court clerk, stating that he had inadvertently signed the wrong proposed judgment.

STANDARD OF REVIEW
¶ 9. In domestic relations cases, our scope of review is limited by the substantial evidence/manifest error rule. Samples v. Davis, 904 So.2d 1061, 1063-64(¶ 9) (Miss.2004) (citing Jundoosing v. Jundoosing, *757 826 So.2d 85, 88(¶ 10) (Miss.2002)). "[We] will not disturb the chancellor's opinion when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." Id. (citing Holloman v. Holloman, 691 So.2d 897, 898 (Miss.1996)).

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. Kimberly argues that the chancellor erred in granting Charles a divorce on the ground of habitual cruel and inhuman treatment without any corroborating testimony. She specifically contends that the lack of corroborating testimony makes the judgment of divorce void.
¶ 11. Charles admits that there are technical problems with the judgment of divorce. Specifically, he admits that he and Kimberly did not strictly comply with the statutory requirements for granting an irreconcilable differences divorce and that there was no corroborating testimony regarding his judgment of divorce. However, Charles contends that technical errors associated with the judgment were caused by Kimberly's failure to sign the agreed upon settlement.
¶ 12. Mississippi rules require that "[i]n all uncontested divorce cases, except irreconcilable differences, the testimony of the plaintiff must be substantially corroborated." Unif. Ch. Ct. R. 8.03 (2005). According to Mississippi case law, the plaintiff must prove habitual cruel and inhuman treatment by a preponderance of the credible evidence. Rawson v. Buta, 609 So.2d 426, 431 (Miss.1992) (citing Cooper v. Cooper, 518 So.2d 664, 666 (Miss.1988)). The chancellor, as the trier of fact, evaluates the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony. Id. (citing Rainey v. Rainey, 205 So.2d 514, 515 (Miss.1967)). The party alleging cruel and inhuman treatment must typically corroborate the testimony. Id. (citing Chambers v. Chambers, 213 Miss. 71, 73-74, 56 So.2d 33, 34 (1952)). Only where "in its nature or owing to the isolation of the parties, no corroborating proof is reasonably possible," should a divorce be granted on the uncorroborated testimony of the plaintiff. Id. (citing Anderson v. Anderson, 190 Miss. 508, 512, 200 So. 726, 727 (1941)).
¶ 13. It is clear from the record that the chancellor erred in granting Charles a divorce on the ground of habitual cruel and inhuman treatment without any corroborating testimony. Therefore, we find that the judgment of divorce is void under Mississippi law.
¶ 14. We find it necessary to address whether our position would be different if the chancellor had actually changed the judgment of divorce to irreconcilable differences. The statutory requirements for granting an irreconcilable differences divorce are set forth in Mississippi Code Annotated section 93-5-2 (Rev.2004), which states in pertinent part:
[N]o divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the ground of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.
MISS.CODE ANN. § 93-5-2(5) (Rev.2004).
¶ 15. The Mississippi Supreme Court has opined that the express intent of the statute requires that there be no contest or denial of any ground of divorce. Alexander v. Alexander, 493 So.2d 978, 980 (Miss.1986). In Alexander, the court ruled that the filing of a cross-complaint by the *758 appellee amounted to a contest or denial until withdrawn or cancelled by leave and order of the chancery court. Id. Therefore, the court held that the chancery court exceeded its authority in granting a divorce on the ground of irreconcilable differences. Id.
¶ 16. We find that the statutory requirements of section 93-5-2(5) were not met in this case, and the chancellor would have exceeded his authority had he changed the judgment of divorce to irreconcilable differences. Although both parties stated that they agreed to a divorce on the ground of irreconcilable differences, Kimberly never withdrew or cancelled her answer and counterclaim, denying that Charles was entitled to a divorce on the ground of irreconcilable differences. Kimberly's answer and counterclaim amounted to a contest or denial until withdrawn or cancelled by leave and order of the chancery court; nothing in the record indicated that Kimberly's contest or denial had been withdrawn or cancelled. Accordingly, the facts negate any conclusion that the chancellor could have granted a valid irreconcilable differences divorce.
¶ 17. We also find it necessary to address whether, on remand, Kimberly should be forced to abide by her agreement to an irreconcilable differences divorce. The Mississippi Supreme Court has held that "the circumstances of announcing in open court the settlement of the dispute that is the purpose for that hearing, with a recital of the terms of the settlement into the record, followed by an agreement to end the hearing, reflects an intention to be bound at that time." Samples v. Davis, 904 So.2d 1061, 1065(¶ 25) (Miss.2004). However, we find that, given the circumstances surrounding the settlement agreement, the holding in Samples is inapplicable here. If Kimberly had withdrawn her contest to the divorce and this fact had been made part of the settlement agreement dictated into the record, then the holding in Samples would have applicability to this case. Even if we were to hold that Kimberly should be bound by her agreement to an irreconcilable differences divorce, a divorce still could not be granted on that ground because Kimberly did not withdraw her answer and denial to Charles's complaint.
¶ 18. On remand, if Kimberly agrees to withdraw her answer and denial to Charles's complaint, the chancellor may grant the parties a divorce on the basis of irreconcilable differences without the necessity of a new agreement. Otherwise, each party will be allowed to pursue a divorce on any ground that he or she chooses.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Although Kimberly's attorney asked the court to set aside the divorce on jurisdictional grounds, his brief and argument makes it clear that he was actually contending that the chancellor erred in granting the divorce without the presentation of any evidence showing habitual cruel and inhuman treatment.