# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00807-SCT

*PATRICK RIDGEWAY*

*v.*

*LOUISE RIDGEWAY HOOKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/2016 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| TRIAL COURT ATTORNEYS: | JOHN ROBERT WHITE, JR. |
| | ALAN M. PURDIE |
| | MARC E. BRAND |
| | MARK A. CHINN |
| | MICHAEL J. MALOUF |
| | DION JEFFERY SHANLEY |
| COURT FROM WHICH APPEALED: | CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEYS FOR APPELLANT: | T. JACKSON LYONS |
| | MARC E. BRAND |
| ATTORNEYS FOR APPELLEE: | JOHN ROBERT WHITE, JR. |
| | PAMELA GUREN BACH |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED AND REMANDED - 02/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 2016-IA-01428-SCT

*PATRICK RIDGEWAY*

*v.*

*LOUISE RIDGEWAY HOOKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/2016 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |

COURT FROM WHICH APPEALED: CHANCERY COURT OF THE FIRST
JUDICIAL DISTRICT OF HINDS COUNTY
ATTORNEYS FOR APPELLANT: T. JACKSON LYONS
MARC E. BRAND
ATTORNEYS FOR APPELLEE: JOHN ROBERT WHITE, JR.
PAMELA GUREN BACH
NATURE OF THE CASE: CIVIL - DOMESTIC RELATIONS
DISPOSITION: DISMISSED - 02/15/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, C.J., KITCHENS, P.J., AND BEAM, J.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Patrick Ridgeway sought an irreconcilable differences divorce from Louise Ridgeway (now Louise Hooker). The parties entered into a written agreement, which the Chancery Court of the First Judicial District of Hinds County approved and memorialized in its Final Judgment of Divorce – Irreconcilable Differences. But after Hooker had filed a Petition for Citation of Contempt against Ridgeway approximately two years later, Ridgeway filed a Motion for Relief from Final Judgment of Divorce pursuant to Mississippi Rule of Civil Procedure 60(b)(4), arguing that the judgment was void because the chancery court had lacked subject-matter and personal jurisdiction. The chancery court found that it had jurisdiction of the subject matter and of the parties and denied Ridgeway's Rule 60(b)(4) motion. Ridgeway appealed, and we affirm the decision of the chancery court.

¶2.    While this case was pending on appeal, the parties filed various motions in the chancery court. The chancery court stayed "any and all matters pending before the Court in this cause." Ridgeway filed a petition for an interlocutory appeal in this Court, opposing the stay of all proceedings. In her response, Hooker agreed that the stay should be vacated and

2

that interlocutory appeal should be granted. This Court granted interlocutory appeal and consolidated the two cases. Because the issue of the stay is mooted by this Court's affirmance of the chancery court's decision to deny Ridgeway's Rule 60(b)(4) motion, we dismiss the interlocutory appeal.

## STATEMENT OF THE FACTS

¶3.     Ridgeway filed for divorce against Hooker on the ground of irreconcilable differences in the Chancery Court of the First Judicial District of Hinds County on February 6, 2013. The record does not establish that Hooker was served with process.

¶4.     Thereafter, Hooker's attorney issued subpoenas *duces tecum* and caused them to be served on Metropolitan Bank and American Express Centurion Bank. On March 19, 2013, Hooker's attorney filed a notice that Ridgeway had been served with the First Set of Interrogatories and Requests for Production of Documents. Ridgeway's answers were filed on April 2, 2013. That same day, Ridgeway filed a motion to quash the subpoena *duces tecum* which had been served on American Express Centurion Bank. Hooker responded to the motion on April 23, 2013. An Agreed Order on Motion to Quash, which stated, *inter alia*, that "[t]his Court has jurisdiction of the parties and subject matter hereto," reflects that Ridgeway withdrew his motion to quash.

¶5.     In March 2014, Ridgeway and Hooker certified to the trial court that they had filed requisite financial disclosures in compliance with Uniform Chancery Court Rule 8.05. Ridgeway and Hooker entered a written agreement on March 25, 2014. Each page of the agreement was initialed by both parties, the agreement was signed by both parties, and it was

notarized. The court entered a Judgment of Divorce – Irreconcilable Differences on April 8, 2014, approving the agreement and ordering the parties to comply with the terms of the agreement, which was incorporated into the judgment. The judgment was signed by Ridgeway and Hooker.

¶6.    Hooker filed a Petition for Citation of Contempt on November 24, 2015, arguing that Ridgeway had failed to comply with specific terms of the Judgment of Divorce. Ridgeway noticed depositions and noticed service of discovery on Hooker. On December 9, 2015, the trial court entered a scheduling order which was amended on January 25, 2016. According to the amended scheduling order, trial was set for June 28-29, 2016. Hooker issued and served a First Set of Interrogatories and Requests for Production of Documents on December 22, 2015. On March 7, 2016, the parties signed an agreed order extending the deadline for filing motions to amend the pleadings to March 15, 2016. Hooker filed a Motion to Compel Discovery Responses on March 9, 2016.

¶7.    Ridgeway then, on March 10, 2016, filed a Motion for Relief from Final Judgment of Divorce pursuant to Mississippi Rule of Civil Procedure 60(b)(4). He argued that the "Judgment of Divorce is void because the Court lacked personal jurisdiction over the Defendant." Ridgeway argued that the chancery court had lacked personal jurisdiction because, when he filed his complaint for divorce on the ground of irreconcilable differences, he never served Hooker with process or obtained her waiver of service of process pursuant to Mississippi Code Section 93-5-2(1) (Rev. 2013).

4

¶8. Hooker responded that the Judgment of Divorce was valid because she had waived service of process by signing the Judgment of Divorce, by filing responsive pleadings without raising the issue of insufficiency of service of process, and by failing to object at any point during the litigation. She added that Ridgeway's marriage to another woman the same day of the entry of the Judgment of Divorce estopped his claim that the judgment was invalid.

¶9. A hearing was held on April 19, 2016. The chancellor entered an Order and Opinion on Plaintiff's Motion to Set Aside Judgment on May 5, 2016. She denied Ridgeway's motion because "[t]o allow Mr. Ridgeway to proceed improperly and then assert error when the subsequent circumstances benefit him is in direct contradiction with the purpose for which the rules were promulgated." She continued: "The Plaintiff who created the defect cannot now benefit from his errors wherever it suits him. The honorable Court will not endorse such actions and it further admonishes the Plaintiff for attempting to manipulate the rules in order to play 'gotcha' with the Defendant." The chancellor held that Hooker had waived any objection to the court's exercise of personal jurisdiction.

¶10. Aggrieved, Ridgeway timely filed a Notice of Appeal on June 2, 2016. On direct appeal, Ridgeway argues that the Judgment of Divorce on the ground of irreconcilable differences is void because the chancery court lacked subject-matter and personal jurisdiction. Hooker responds that the chancellor correctly found that the Judgment of Divorce was valid because Hooker waived her right to challenge jurisdiction by voluntarily appearing and participating in the proceedings. She continues that Ridgeway's jurisdictional

5

argument is barred by the doctrine of judicial estoppel because it is inconsistent with the position he took at the time the parties entered the Judgment of Divorce, namely, that the chancery court had jurisdiction of the subject matter and the parties. Hooker reiterated the argument she made in the chancery court that Ridgeway's marriage to another woman on the day the Judgment of Divorce was entered estopped him from asserting its invalidity.

¶11. On June 8, 2016, Ridgeway filed a Motion to Stay Proceedings Pending Appeal in which he asked the chancery court to "stay the proceedings as to the issues set forth in the Petition for Contempt." The chancellor entered an Agreed Order of Continuance on June 20, 2016, which reflected the parties' agreement to continue trial "with the understanding that pending the outcome of an appeal . . . the parties shall comply with the alimony and support provisions contained in the Judgment of Divorce . . . unless and until either party requires emergency, temporary or other relief from the terms of the Final Judgment."

¶12. Ridgeway then filed his Defenses, Answer, and Counterclaim to Hooker's Petition for Citation of Contempt on July 27, 2016. In the counterclaim, he asked, *inter alia*, that the court order Hooker to repay him for money he allegedly had paid in excess of the requirements of the Judgment of Divorce, find Hooker in contempt for violating the child custody agreement, modify the child custody agreement, and terminate or modify his alimony obligation. He claimed that Hooker had alienated the love and affection of their minor daughter, that Hooker had allowed the minor children to "drink alcohol to excess," and that Hooker had "allowed a member of the opposite sex to be present overnight in her home and other residences in Oxford and Florida[] while the children were present overnight."

6

¶13. On September 6, 2016, Ridgeway noticed and served deposition subpoenas. That same day, Hooker filed a Petition for Domestic Abuse Protection Order in which she claimed that Ridgeway had entered her home "in a mad rage" and threatened her, placing her "in fear of imminent bodily injury . . . ." Hooker also filed a Motion to Quash Deposition Subpoenas and to Stay Proceedings, asking the court to stay the proceedings "until such time as the Court has conducted a status conference and an Order has been entered specifying what matters the Court will allow to be pursued pending the appeal to the Mississippi Supreme Court . . . ."

¶14. After conducting a status conference, the chancery court entered an Order on Motion to Quash Deposition Subpoenas and to Stay Proceedings on September 15, 2016. The order provided:

> that any and all matters pending before the Court in this cause shall be stayed until such time as the appeal filed herein by Patrick Ridgeway on June 2, 2016 . . . has been fully adjudicated by the appropriate appellate court, except that the Petition for Final Domestic Abuse Protection Order filed herein by Louise Hooker on September 6, 2016, may be re-filed under a separate cause number and heard in the Court's usual manner.

¶15. On September 21, 2016, Ridgeway's attorney notified Hooker's attorney by letter that Ridgeway no longer would be making alimony payments to Hooker because, "based on credible facts which Mr. Ridgeway is aware of, there is clear and convincing evidence that Ms. Hooker is cohabiting (as defined by Mississippi case law) with Destin Wilson." According to the letter, the agreement provides that "Patrick's obligation to pay alimony . . . 'automatically terminates upon . . . Louise's remarriage or cohabitation.'"

¶16. Hooker responded with an Emergency Motion to Enforce Stay and for Entry of Injunction on September 28, 2016, in which she argued that, "[i]nstead of pursuing an

7

interlocutory appeal for the purpose of requesting the appellate court to review the trial court's stay which prohibits Patrick from going forward with his request for termination of alimony, Patrick unilaterally modified the Judgment of Divorce – Irreconcilable Differences and terminated payment of his alimony obligation . . . ." Hooker asked that the Court enjoin Ridgeway from failing to maintain his alimony obligation, which made up her "primary source of income and her primary source of support for herself and the parties' minor children." With regard to the Emergency Motion to Enforce Stay, the chancellor, in an order entered on October 31, 2016, determined that it had "no jurisdiction to hear the merits of the motion while the Order and Opinion on [Ridgeway's] Motion to Set Aside Judgment is on appeal to the Mississippi Supreme Court."

¶17. On October 5, 2016, Ridgeway filed a Petition for Interlocutory Appeal in this Court from the chancery court's September 15, 2016, order granting a stay of all proceedings except Hooker's Petition for Final Domestic Abuse Protection Order. Ridgeway argued that the chancery court had erred as a matter of law by failing to exercise jurisdiction over "contested matters," including alimony, child custody, and child support such that "the Parties have no recourse for these contested issues." In response, Hooker did not oppose the grant of interlocutory appeal and also asked this Court to vacate the stay: Hooker "is prevented from pursuing her claims for contempt of [Ridgeway's] non-payment and underpayment of child support and alimony, and she is prevented from pursuing substantial sums [Ridgeway] owes under the property division terms of the Judgment of Divorce."

8

¶18.   On November 17, 2016, and December 1, 2016, Ridgeway filed in this Court two motions to strike because Hooker had attached to her brief on direct appeal a copy of a marriage license between Ridgeway and one Leslie Brooke Hollingsworth, which was dated April 8, 2014. The marriage license was certified by the Clerk of the Circuit Court of the First Judicial District of Hinds County as a "true and correct copy of the original MARRIAGE LICENSE and the same is of record in this office in Book No. 261 at page 73." Hooker had asked in her brief on direct appeal that this Court take judicial notice of the Hinds County public record. Ridgeway argued in his motions to strike that because the marriage license did not appear in the record from the chancery court, this Court should not consider it. Ridgeway averred that he "regards [the marriage license] as irrelevant to a decision on the merits."

¶19.   A panel of this Court, on November 22, 2016, granted Ridgeway's Petition for Interlocutory Appeal and consolidated the interlocutory appeal with the direct appeal. On December 6, 2016, Chief Justice William L. Waller, Jr., ordered that the "issue of whether judicial notice should be taken" be "passed for consideration with the merits of the appeal."

## STANDARD OF REVIEW

¶20.   This Court has held that "[i]ssues involving the chancery court's jurisdiction to hear a particular matter are questions of law which require the Court to apply a de novo standard of review." *Edwards v. Zyla*, 207 So. 3d 1232, 1235 (Miss. 2016) (citing *In re Guardianship of Z.J.*, 804 So. 2d 1009, 1011 (Miss. 2002)).

## DISCUSSION

**I.     Whether the chancery court erred by denying Patrick Ridgeway's Mississippi Rule of Civil Procedure 60(b)(4) Motion For Relief from Final Judgment of Divorce because it lacked subject-matter and personal jurisdiction.**

¶21.    Mississippi Code Section 93-5-2(1) provides:

> Divorce from the bonds of matrimony may be granted on the ground of irreconcilable differences, but only upon the joint complaint of the husband and wife or a complaint where the defendant has been personally served with process or where the defendant has entered an appearance by written waiver of process.

Miss. Code Ann. § 93-5-2(1) (Rev. 2013). Mississippi Rule of Civil Procedure 60(b)(4) allows a court to "relieve a party . . . from a final judgment" if "the judgment is void . . . ." Ridgeway argues that the chancery court lacked subject-matter and personal jurisdiction because the complaint he filed was not a joint complaint, he never served the complaint on Hooker, and Hooker never entered an appearance by written waiver.

¶22.    "Subject matter jurisdiction is the power of the court to hear and determine cases in the general class to which the particular case belongs." *In re Estate of Kelly*, 951 So. 2d 543, 548 (Miss. 2007) (citing *Case v. Case*, 246 Miss. 750, 758, 150 So. 2d 148 (1963)). "Subject-matter jurisdiction is conveyed by the Mississippi Constitution." *Lewis v. Pagel*, 2017 WL 2377690, *6 (Miss. June 1, 2017). "Section 159 of the Mississippi Constitution vests subject-matter jurisdiction in the chancery courts over divorce proceedings." *Id.* at *6 (citing Miss. Const. art. 6, § 159 ("The chancery court shall have full jurisdiction in the following matters and cases, viz.: . . . (b) Divorce and alimony . . . .")).

10

¶23.    It is true, as Ridgeway argues, that "the defense of lack of subject matter jurisdiction cannot be waived." ***Stuart v. Univ. of Miss. Med. Ctr.***, 21 So. 3d 544, 548-49 (Miss. 2009) (citing ***Capron v. Van Noorden***, 2 Cranch 126, 6 U.S. 126, 127, 2 L. Ed. 229 (1804) ("[I]t was the duty of the Court to see that [it] had jurisdiction, for the consent of the parties could not give it.")). But this Court recently overruled cases holding that the venue requirements of Mississippi Code Section 93-5-11 (Rev. 2013)[1] "could not be waived as it vested subject-matter jurisdiction over divorce actions in the chancery court." ***Lewis***, 2017 WL 2377690, at *6. This Court overruled "these past cases to the extent that they hold that Section 93-5-11 confers subject-matter jurisdiction on chancery courts." ***Id.*** Instead, the Court held that, while the Mississippi Constitution confers subject-matter jurisdiction, "Section 93-5-11

---

[1] Mississippi Code Section 93-5-11 governs proper venue for divorce actions:

> All complaints, except those based solely on the ground of irreconcilable differences, must be filed in the county in which the plaintiff resides, if the defendant be a nonresident of this state, or be absent, so that process cannot be served; and the manner of making such parties defendants so as to authorize a judgment against them in other chancery cases, shall be observed. If the defendant be a resident of this state, the complaint shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the plaintiff be still a resident of such county when the suit is instituted.

> A complaint for divorce based solely on the grounds of irreconcilable differences shall be filed in the county of residence of either party where both parties are residents of this state. If one (1) party is not a resident of this state, then the complaint shall be filed in the county where the resident party resides.

> Transfer of venue shall be governed by Rule 82(d) of the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 93-5-11 (Rev. 2013).

11

governs the venue of a divorce action and limits the chancery court's exercise of personal jurisdiction over the defendant," and the "Mississippi Rules of Civil Procedure control the procedure to be utilized when venue is improper." *Id.*

¶24. The chancery court has jurisdiction of divorce cases, including irreconcilable differences divorces. *See* Miss. Const. art. 6, § 159. No case cited by Ridgeway stands for the proposition that the requirements of Section 93-5-2(1), if not strictly complied with, deprive the chancery court of subject-matter jurisdiction of an irreconcilable differences divorce. As in *Lewis*, Section 93-5-2(1) limits the chancery court's exercise of *personal jurisdiction* over the defendant, requiring a joint complaint and either personal service on the defendant or the defendant's "entry of appearance by written waiver of process." Miss. Code Ann. § 93-5-2(1).

¶25. Personal jurisdiction "is an individual right that can be waived." *Pekin Ins. Co. v. Hinton*, 192 So. 3d 966, 971 (Miss. 2016) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S. Ct. 2099, 2105, 72 L. Ed. 2d 492 (1982)). More specifically, "[o]ne waives process and service . . . upon making a general appearance." *Isom v. Jernigan*, 840 So. 2d 104, 107 (Miss. 2003). This Court held, in a case in which the defendant had "appeared by counsel and filed a plea to the jurisdiction of the court, which he later withdrew, and also filed cross-interrogatories to appellant in the taking of her deposition," that "personal appearance by a defendant in a cause gives the court jurisdiction of his person as completely as if he had been personally served with process within this state." *Clay v. Clay*, 134 Miss. 658, 99 So. 818, 819 (1924). The Mississippi Court of

Appeals has held that, while actual service of process had not been issued, the signature of the defendant and his attorney "under the caption, 'Read, Agreed, and Approved'" constituted the defendant's having made "a legal appearance in the matter." *James v. McMullen*, 733 So. 2d 358, 360 (Miss. Ct. App. 1999).

¶26.    Our Mississippi Rules of Civil Procedure also contemplate waiver in this circumstance: "A defense of lack of jurisdiction over the person, . . . insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g),[2] or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof . . . ." Miss. R. Civ. P. 12(h)(1). Ridgeway makes the statement in his brief that, "[a]ll know that where the [Irreconcilable Divorce Act] and, here, Rule 12 conflict, that the IDA governs." But the converse is true. *See Newell v. State*, 308 So. 2d 71 (Miss. 1975) (Article 6, Section 144, of the Mississippi Constitution, which states that the State's "'judicial power . . . shall be vested in a Supreme Court and other courts as are provided for in this constitution.' . . leaves no room for a division of authority between the judiciary and the legislature as to the power to promulgate rules necessary to accomplish the judiciary's constitutional purpose.").

¶27.    Here, Ridgeway did not comply with Section 93-5-2(1) in filing a joint complaint, in serving the complaint on Hooker, or in obtaining Hooker's appearance by written waiver. But Hooker never objected to a lack of jurisdiction, to insufficiency of process, or to

---

[2] Mississippi Rule of Civil Procedure 12(g) provides that "[a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. . . ." Miss. R. Civ. P. 12(g).

insufficiency of service of process. She participated in discovery. She initialed every page of the agreement, signed the agreement, and signed the Judgment of Divorce – Irreconcilable Differences. Hooker's voluntary appearance obviated the necessity of service of process and she consented to the chancery court's jurisdiction. By failing to raise the defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, Hooker waived those defenses pursuant to Rule 12(h)(1).

¶28. It was Ridgeway's failure to comply with Section 93-5-2(1) which created the alleged jurisdictional defect. As the chancellor correctly observed, Ridgeway cannot complain now of an error of his own creation. This Court has held, an "'[a]ppellant has no standing to seek redress from [an] alleged error of his own creation.'" *Caston v. State*, 823 So. 2d 473, 494-95 (Miss. 2002) (quoting *Evans v. State*, 547 So. 2d 38, 40 (Miss. 1989)).

¶29. In *Kolikas v. Kolikas*, 821 So. 2d 874, 876 (Miss. Ct. App. 2002), the husband filed a complaint for divorce in Marshall County, Mississippi, but failed to provide notice to his nonresident wife. The chancery court granted the divorce to the husband, and the Mississippi Court of Appeals reversed and remanded, holding that "[t]he chancery court had not acquired personal jurisdiction over Ms. Kolikas due to lack of proper service of process based on the Mississippi Rules of Civil Procedure . . . ." *Id.* at 879-80. The appeals court held that "Mr. Kolikas, in consultation with his attorney, chose what actions to take in pursuit of divorce" and that "[a]s such, it was his obligation, not that of Ms. Kolikas, to ensure that his actions complied with the appropriate statutes and court rules." *Id.* at 879. The court continued: "He did not do so, and cannot place the blame for this failure on Ms. Kolikas." *Id.* Similarly,

Ridgeway cannot place the blame on Hooker for his own failure to comply with the appropriate statutes and court rules now that doing so, if he succeeded, would inure to his benefit.

¶30. Ridgeway relies on the case of *Alexander v. Alexander*, 493 So. 2d 978 (Miss. 1986), in support of his argument that "a divorce under the [Irreconcilable Differences Act] was void without some form of personal service or written waiver." But in that case this Court held "the chancery court exceeded its authority in granting a divorce on the ground of irreconcilable differences" because there had been "no written agreement of the parties regarding their property rights as required by the statute." *Alexander*, 493 So. 2d at 980. *See Gallaspy v. Gallaspy*, 459 So. 2d 283, 287 (Miss. 1987) (Robertson, J., specially concurring) ("The chancery court has no authority to grant a divorce on the ground of irreconcilable differences unless the parties have reached agreement on all financial matters."). Here, unlike in *Alexander*, the parties reached a "written agreement for the custody and maintenance of [the] children of [the] marriage and for the settlement of any property rights between the parties . . . ." in accordance with Section 93-5-2(2).

¶31. Accordingly, because the chancellor had subject-matter jurisdiction, because Hooker waived any objection to the exercise of personal jurisdiction, and because Ridgeway lacks standing to complain of an error of his own creation, we affirm.

**II.    Whether Ridgeway was estopped from claiming the invalidity of the Judgment of Divorce.**

*Whether the doctrine of judicial estoppel bars Ridgeway's claim that the Judgment of Divorce was invalid.*

¶32. Hooker argues that the doctrine of judicial estoppel bars Ridgeway's claim that the Judgment of Divorce was invalid. At the outset, we observe that Hooker did not raise this issue in the chancery court, but raises it for the first time on appeal. This Court consistently has held that, "[w]e need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review." **Alexander v. Daniel**, 904 So. 2d 172, 183 (Miss. 2005). Moreover, "judicial estoppel 'must be invoked in the Court in which the apparent self-serving contradiction occurred . . . .'" **Kirk v. Pope**, 973 So. 2d 981, 991 (Miss. 2007) (internal citations omitted). Accordingly, we decline to entertain Hooker's argument.

> *Whether this Court can take judicial notice of the marriage license; whether Ridgeway's marriage to another woman estopped his claim that the Judgment of Divorce was invalid.*

¶33. Hooker argues on appeal, as she argued in the chancery court, that Ridgeway "relied on the validity of the divorce to enter into his new marriage[] and therefore is estopped from now claiming the divorce was void." Attached to Hooker's brief on direct appeal was a copy of a marriage license between Ridgeway and one Leslie Brooke Hollingsworth, which was dated April 8, 2014. Ridgeway responded with two motions to strike, arguing that, because the marriage license did not appear in the record from the chancery court, this Court should not consider it and that he "regards [the marriage license] as irrelevant to a decision on the merits." Hooker responds that this Court may take judicial notice of the Hinds County public

record. Chief Justice Waller ordered that the issue of judicial notice be passed for consideration with the merits.

¶34.    We find the issues of whether this Court can take judicial notice of the marriage license and, if so, whether Ridgeway's marriage to another woman estopped his claim that the Judgment of Divorce was invalid, unnecessary to the disposition of this case. Accordingly, we decline to address them.

## CONCLUSION

¶35.    On direct appeal, this Court affirms the judgment of the Chancery Court of the First Judicial District of Hinds County and remands the case to that court for further proceedings.

¶36.    Accordingly, the direct appeal having been adjudicated fully, the issue of the stay pending appeal is moot and we dismiss the interlocutory appeal.

¶37.    **ON DIRECT APPEAL: AFFIRMED AND REMANDED. ON INTERLOCUTORY APPEAL: DISMISSED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  ISHEE, J., NOT PARTICIPATING.**